414 P.2d 500

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Lorenzo SEDILLO, Defendant-Appellant.**

**No. 8059.**

Supreme Court of New Mexico.

May 16, 1966.

Louis G. Stewart, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

LaFEL E. OMAN, Judge, Court of Appeals.

The appellant was charged by information with the crime of rape. He pleaded not guilty and not guilty by reason of insanity. He was tried and the jury found him guilty. The trial court thereupon entered judgment and sentence, and appellant was committed to the New Mexico State Penitentiary.

He has appealed from the judgment and sentence, and he asserts two points upon which he relies for reversal.

His first point is that the trial court abused its discretion in personally questioning a clinical psychologist called as a witness by appellant. The appellant had been examined and tested by this psychologist on three different occasions. The witness was questioned on direct and cross-examination as to his findings and conclusions. It was not made clear from the questions and answers whether the witness was or was not of the opinion that appellant knew and appreciated the difference between right and wrong.

The witness had testified on direct examination that in his opinion the appellant was not suffering from a condition or mental illness which would result in irresistible impulses.

During the re-direct examination, the court asked six questions of the witness, and these are the questions to which appellant here objects. The first of these questions was asked to clarify the opinion of the witness as to whether appellant did

or did not know and appreciate the difference between right and wrong as of the time of the commission of the alleged offense. The witness gave it as his opinion that appellant did know the difference. The next four questions related to the two subsequent examinations of appellant by the witness. The answers of the witness to these questions were to the effect that he found appellant's condition unchanged on each of these occasions, insofar as his capacity to differentiate between right and wrong was concerned. The last question was designed to elicit from the witness an affirmation of his prior testimony that appellant did have the capacity to control his actions, and the witness responded in the affirmative.

Appellant relies upon the cases of United States v. Brandt, 196 F.2d 653 (2d Cir.1952), and Krogmann v. United States, 225 F.2d 220 (6th Cir.1955). He particularly relies upon the statements by the courts in these cases as to the care which the trial judge must exercise to assure the parties a fair and impartial trial.

█ A trial judge must at all times be judicious. He must not, by undue participation in the examination of witnesses, or by other conduct, convey to the jury that he favors one side or the other, and must not convey to the jury what he thinks the verdict should be. Because of his power and influence, and because of the tendency of the jury to place great emphasis upon what he says and does, the trial judge must be most careful not to say or do anything which would add to a party's burdens of proof, or detract from the presumptions to which a person charged with crime is entitled.

The case of Brandt, supra, was reversed and remanded for a retrial because of the conduct of the trial judge during the trial and because of the nature of his charge to the jury. In that case, the trial judge asked over 900 questions of the witnesses, cross-examined several witnesses, including one of the defendants, to a quite unusual extent, and injected "a number of remarks which were not of the form to elicit information or to direct the trial procedure into proper channels, but rather to cut into the presumption of innocence to which defendants" were entitled.

The conviction of the defendants in the case of Krogmann v. United States, supra, was also reversed, but such was not because of the active participation of the trial judge in the examination of certain witnesses.

█ A trial judge is more than a mere umpire or moderator, and he may properly propound questions to the witnesses, so long as he keeps the same within the bounds demanded of him by his position as trial judge, and so long as he displays no bias against or favor for either of the litigants. Territory v. Meredith, 14 N.M. 288, 91 P. 731; Vigil v. Johnson, 60 N.M. 273, 291 P. 312; Quercia v. United States, 289 U.S. 466,

53 S.Ct. 698, 77 L.Ed. 1321; Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738; Miller v. Republic Grocery, 110 Cal.App.2d 187, 242 P.2d 396.

The function of the trial judge in eliciting facts, and the position which he must at all times maintain are set forth in United States v. Brandt, supra, in the following language:

"* * * He enjoys the prerogative, rising often to the standard of a duty, of eliciting those facts he deems necessary to the clear presentation of the issues. Pariser v. City of New York, 2 Cir., 146 F.2d 431. To this end he may call witnesses on his own motion, adduce evidence, and himself examine those who testify. See United States v. Marzano, 2 Cir., 149 F.2d 923; Guthrie v. Curlett, 2 Cir., 36 F.2d 694; Young v. United States, 5 Cir., 107 F.2d 490, 493; 3 Wigmore on Evidence § 784, 3d Ed. 1940. But he nonetheless must remain the judge, impartial, judicious, and, above all, responsible for a courtroom atmosphere in which guilt or innocence may be soberly and fairly tested. Because of his proper power and influence it is obvious that the display of a fixed opinion as to the guilt of an accused limits the possibility of an uninhibited decision from a jury of laymen much less initiated in trial procedure than he. He must, therefore, be on continual guard that the authority of the bench be not exploited toward a conviction he may privately think deserved or even required by the evidence. United States v. Minuse, 2 Cir., 114 F.2d 36; Martucci v. Brooklyn Children's Aid Soc., 2 Cir., 140 F.2d 732; United States v. Marzano, 2 Cir., 149 F.2d 923."

From the brief questioning of the psychologist on the matters as set forth above, we fail to perceive how it can be said that the trial judge exceeded the bounds of propriety and prejudiced the rights of appellant.

Appellant's second point is that "the trial court abused its discretion in admitting state's exhibit No. 4, which photograph served no useful purpose, except to influence the passions and prejudices of the jury."

The photograph was taken of the victim at the hospital during the late morning hours of the date of the attack upon her, and after she had been examined and treated by medical doctors. She was in bed and was fully covered by a gown and the bed clothes, except for her head and her arms and hands. There is no evidence of injury or damage to her arms and hands. She was lying on her back and had her eyes closed. The photograph definitely shows bruises and discoloration about her eyes and on her cheeks. Her upper lip appears to be swollen and is covered by a strip of white tape.

Appellant concedes that the photograph was relevant to the issues of the case, but

argues that such was cumulative and, by reason of its inflammatory nature, was not "reasonably relevant." He relies primarily on the cases of Thomas v. State, (Fla.), 59 So.2d 517, and State v. Upton, 60 N.M. 205, 290 P.2d 440.

In the Florida case, it was held that the admission of the photographs there involved was not reversible error, but the court did observe that photographs should be received with great caution, and those which prove, or show, nothing more than a gory scene should not be admitted.

■ In State v. Upton, supra, the contentions of the appellant, as to the admission of certain photographs, were similar to the contentions of the appellant here. In that case, the appellant's contentions were denied, and we stated the principle controlling the admission of photographs, as follows:

"Photographs which are calculated to arouse the prejudices and passions of the jury and which are not reasonably relevant to the issues of the case ought to be excluded."

The appellant in the present case pleaded not guilty and not guilty by reason of insanity to a charge of forcible rape. The burden was thus on the state to prove beyond a reasonable doubt every element of the charge. One of these elements was that appellant had forcibly overcome the resistance of his victim.

■■ The photograph unmistakably evidences that she had been subjected to forceful blows upon her face. Because this may have been cumulative of other evidence that she had been subjected to such blows did not render the photograph inadmissible. Photographs are properly admitted if they serve to corroborate other evidence even though they may be cumulative. State v. Johnson, 57 N.M. 716, 263 P.2d 282; State v. Upton, supra.

The question of admission of photographs into evidence rests largely within the discretion of the trial court, and ordinarily his decision on the question will not be disturbed. State v. Johnson, supra; State v. Upton, supra. We find no reason here to question the decision of the trial court.

Contrary to appellant's contention, we are unable to see in this photograph anything which could reasonably be said to have aroused and inflamed the passions and prejudices of the jury. The judgment will be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.