493 P.2d 969

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jessie CLARK, Defendant-Appellant.**

**No. 772.**

Court of Appeals of New Mexico.

Dec. 10, 1971.

Rehearing Denied Jan. 3, 1972.

Certiorari Denied Jan. 25, 1972.

James F. Warden, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of three counts of forgery, defendant appeals. Section 40A–16–9, N.M.S.A.1953 (Repl.Vol. 6). The asserted errors and our answers follow.

*Severance.*

■ The three forgery counts are contained in one information. Defendant, through his attorney, moved that each count be the subject of a separate trial so that defendant would not be embarrassed in his defense by the multiplicity of charges. Defendant claims denial of the motion was error.

Prior to, and at the time the motion was heard, defendant indicated he did not want his court-appointed attorney to represent him. The trial court refused to appoint another attorney and stated that defendant could represent himself if he wanted to do so. However, court-appointed counsel was directed to continue in the case and see that defendant's constitutional rights were protected.

Thereafter, ascertaining from defendant that defendant did not want the counts severed, ascertaining that court-appointed counsel had advised defendant of possible prejudice if the counts were not severed and ascertaining that defendant was aware of this possible prejudice, the trial court denied the motion for severance.

The trial court's ruling was not error absent a showing of an abuse of discretion which resulted in prejudice to defendant. State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App.1970); see State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971). Defendant claims there was an abuse of discretion because the trial court acceded to defendant's express wish not to have the counts severed when court-appointed counsel, directed to remain in the case by the trial court, was asking for a severance. The claim is that the trial court ignored counsel's control over procedural matters. See State v. Selgado, 78 N.M. 165, 429 P. 2d 363 (1967). Since defendant was representing himself in connection with the motion and proceeded contrary to counsel's advice, we cannot say that counsel, at the time, was controlling the matter. There was no abuse of discretion in these circumstances.

*Bias of the trial court.*

The claim is that bias on the part of the trial court denied defendant a fair trial. The basis for the claim is:

(a) In considering some of defendant's motions and petitions, the trial court indicated defendant had filed "too damned many" and that there was nothing in them but a "bunch of wind."

(b) During the trial the court did some questioning of both State and defense witnesses.

(c) Defense counsel's objection to one of the court's questions was overruled. Counsel then commented: "That's for the prosecution." The court stated to defense counsel: " . . . another remark like that and you'll go to jail. . . ."

■ The trial court's comment concerning the motions and petitions is not approved. However, it did not occur in the presence of the jury.

■ "A trial judge . . . may properly propound questions to the witnesses, so long as he keeps the same within the bounds demanded of him by his position as trial judge, and so long as he displays no bias against or favor for either of the litigants. . . ." State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966). Here, the questions were directed almost equally to witnesses on both sides of the case, and none of the questions displayed a bias for or against either side.

■ The "threat" to counsel was a response to the remark made by counsel.

Assuming the court's remark was improper, it did not deter defense counsel from making further objections. No claim is made that presentation of the defense was in any way hampered. Nor, when the remark is considered in context, can we say that the court's remark could be understood by the jury as indicating the trial court was biased against the defendant.

We cannot say the trial court was biased against defendant as a matter of law.

### Habeas corpus petitions.

■ Defendant (personally, not through counsel) filed two petitions for habeas corpus—one prior and one subsequent to his trial. His appeal asserts error in denying these petitions. In re Forest, 45 N.M. 204, 113 P.2d 582 (1941) holds that the denial of a petition for habeas corpus by the district court is not appealable. We apply the rule of Forest. In addition, however, the claims made in the two petitions (fourteen or more) are either factually incorrect or raise legal issues that are without merit. Most of the claims have been previously decided by the New Mexico appellate courts. It would be of no benefit to the public or to the bar to index these claims and cite the dispositive authority. We expressly hold, however, that none of the claims have any merit. Compare State v. Hibbs, 82 N.M. 722, 487 P.2d 150 (Ct.App. 1971) with State v. Bogdan, 83 N.M. 250, 490 P.2d 967 (Ct.App.), decided October 21, 1971.

### Petition for writ of mandamus.

■ This petition of defendant (again personally and not through counsel) is a diatribe against Judge Neal, the New Mexico Courts, the New Mexico Bar and Assistant District Attorney McCormick which alleges generally that defendant is, or will be, deprived of due process because he is poor and black. Judge Neal's characterization of it as a "bunch of wind" is charitable. We disregard the tirade of vitriolic comment. The claim of lack of "due process" is too general to present an issue for review. Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App.1970).

### Refusal of trial court to disqualify himself.

■ The record shows that on May 4, 1971, after defendant had unsuccessfully attempted to get the trial court to change his court-appointed attorney, after the motion for severance had been ruled on, after defendant was partially successful in his motion for a bill of particulars and after he had been arraigned, defendant handed Judge Neal a request that Judge Neal be disqualified. He claims denial of the request was error. It was not; the request was too late. The disqualification affidavit must be filed before the court has acted judicially on a material issue. State ex rel. Howell v. Montoya, 74 N.M. 743, 398 P.2d 263 (1965).

### Denial of a request for transcript of proceedings.

■■ Subsequent to trial, defendant requested a copy of all charges, arraignment proceedings, trial transcript and judgment. All these documents are in the record before us and, therefore, were available to his counsel in this appeal. Since in fact they were provided, no error can be predicated on the order of the trial court to the effect that the request was denied. If defendant's request can be construed as a request that he be provided with a personal copy of these records, the order denying the request was proper since the records were available to his counsel.

Defendant also requested a copy of the asserted warrant for extradition and asserted waiver signed at the time of his asserted extradition from Florida. There is nothing to show that these records, if they exist, are a part of the proceedings resulting in defendant's conviction and on which this appeal is based. The clerk's certificate states that the record before us is a "full, true and correct transcript of the

record and proceedings" in this case. There is nothing to show the trial court could have furnished the asserted extradition documents. Thus, denial of the request was not error.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.