500 P.2d 431

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Larry MIRELES, Defendant-Appellant.**

**No. 884.**

Court of Appeals of New Mexico.

July 28, 1972.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of possession of a narcotic drug, heroin, in violation of § 54–7–13, N.M.S.A.1953 (Supp.1971). His appeal raises issues concerning: (1) search and seizure; (2) instructions; (3) cross-examination; (4) asserted partiality of the trial judge; and (5) cumulative error.

*Search and seizure.*

On or about July 19, 1971, officers of the Albuquerque Police Department raided an abandoned residence in Albuquerque in search of narcotics. The raid was authorized by a search warrant. The house and the general area had been under surveillance for approximately a month prior to the raid. Defendant and several other people were arrested for possession of heroin. For reasons not here pertinent they were not prosecuted.

On July 26, 1971, the house was again raided. The raid was conducted pursuant to a search warrant. Defendant was again arrested for possession of heroin.

Defendant moved to suppress the heroin taken from him at the time of his second arrest. The motion was on the theory that the second search warrant was based on information gained from the first search. Defendant claims the first search was illegal because ". . . it was conducted without a search warrant and there was no probable cause established. . . ." Defendant argues the second search warrant was, therefore, "'fruit of the poisonous tree'" and the evidence is therefore inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The first search warrant does not appear in the record. The defendant's motion was denied after a hearing.

During the interval between the raids, a "reliable" informant advised police the house was being used as a "shooting gallery" for heroin addicts. Having been given $10.00, the informer entered the house,

purchased a "cap" of heroin and injected it into himself. Police observed the informer entering and leaving the house. Police verified a fresh needle mark on his arm. The informer also advised police he was not allowed to leave the house until he had used the heroin. He gave officers a piece of cotton which had been taken from the house. It was field-tested and found to have an opium-based substance on it.

Between the two raids, police officers conducted daytime surveillance of the house. The officers observed the defendant and others ". . . inside the porch area of the house and at the rear in open view. These subjects upon observing uniform patrol officers take packs of suspected heroin and run into the house apparently hiding the same. . . ."

The foregoing events (the informer's activities and the surveillance) are recited in the affidavit upon which the second search warrant was based. With these events showing the basis for issuance of the second warrant, it cannot be said the second warrant was based on or the result of information gained from the first search. Information supplied by the informer, verified by the police, was sufficient to constitute probable cause. State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct.App.1972). The second search warrant was issued on the basis of probable cause independent of the allegedly tainted information gained from the first search.

### Instructions.

The trial court refused to give the following instruction:

"You are instructed that you may consider the judicial confession of guilt of a witness along with the other evidence introduced in this case in determining the guilt or innocence of this defendant."

Defendant asserts the refused instruction stated his theory of the case and the trial court erred in refusing the requested instruction. We disagree.

■ Defendant is entitled to an instruction on his theory of the case if the evidence reasonably supports the theory. State v. Durham, 83 N.M. 350, 491 P.2d 1161 (Ct.App.1971). Defendant's theory of the case was that he did not possess any heroin on July 26, 1971; that the heroin was possessed by co-defendant Vargas. This theory has support in the evidence. The refused instruction does not state such a theory; all it does is to tell the jury to consider all the evidence in determining guilt or innocence.

Further, the contents of the refused instruction are covered by another instruction. Instruction 3 states in part:

"You are instructed that . . . whether or not heroin was discovered in his [defendant's] possession is for you alone to determine from all the evidence in the case beyond a reasonable doubt."

Because the refused instruction did not state a theory of the case and because the substance of the refused instruction was covered by the quoted portion of Instruction 3, the trial court did not err in refusing the requested instruction. State v. Waller, 80 N.M. 380, 456 P.2d 213 (Ct.App.1969).

■ Defendant contends the following instruction confused and misled the jury and, therefore, deprived defendant of a fair trial. The instruction states:

"In deliberating on this case, you are not to consider what may or may not have happened to other possible defendants in this case."

The instruction simply tells the jury not to concern themselves with other than the defendant. It is neither confusing nor misleading. State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972); compare State v. Herrera, 82 N.M. 432, 483 P.2d 313 (Ct.App.1971), cert. denied, 404 U.S. 880, 92 S.Ct. 217, 30 L.Ed.2d 161 (1971).

### Cross-examination.

Defendant asserts his cross-examination of two police officers was unduly restricted by the trial court. He claims the trial

court erred in not permitting him to show the bias, prejudice and interest of the officers.

The record does not support defendant's contention in connection with the cross-examination of Officer Moody. On direct examination Moody testified that he observed the defendant in the custody of Officer Webb and that he saw defendant throw down a packet of suspected heroin. Moody then described the packet and identified an exhibit. When defendant's cross-examination went beyond the scope of the direct examination, the State's objection to the extent of the cross-examination was sustained. State objections that the questioning was beyond the scope of the direct examination were sustained several times. The result was that defense counsel was admonished to abide by the rulings of the court.

Not once in these series of rulings, or in arguing to the court in response to its admonition, did counsel suggest that his cross-examination was directed to the credibility of Moody. Rather, counsel took the position he was entitled to unrestricted examination because "it is all part of the defense." The trial court pointed out that Moody could be called as a defense witness. Defendant did call Moody as a defense witness.

The scope of cross-examination rests largely in the sound discretion of the trial court. Ordinarily the scope of cross-examination should be limited to facts and circumstances connected with matters inquired of in direct examination. An exception to this limitation is where the cross-examination tends to discredit or impeach the witness or shows his bias or prejudice. State v. Wilcoxson, 51 N.M. 501, 188 P.2d 611 (1948). The cross-examination of Moody, which the trial court restricted, went beyond facts and circumstances connected with the direct examination and no claim was made that the effort to go beyond the scope of the direct examination was for purposes of impeachment. The trial court did not abuse its discretion in restricting the cross-examination of Moody.

Webb, in his direct examination, testified in greater detail concerning the raid, the arrest of defendant, what was done with defendant and that defendant was observed dropping a packet which was found to contain heroin. After defendant was arrested and taken outside the house, he was taken back inside the house because of the ". . . rather large gathering of some of the local people around there." Defendant asked Webb if, when he went back inside, he observed that Frank Flores was hit with a shotgun. Apparently, Flores was one of the occupants of the house at the time of the raid. Webb answered: "Yes. I observed Frankie Flores reaching to grab the barrel—." At this point the State objected and the objection was sustained over defendant's claim that he wanted to test the credibility of the witness. This claim came within the exception stated in State v. Wilcoxson, supra, and raises the question of whether the trial court abused its discretion in sustaining the ruling.

After the trial court's ruling only one additional objection was sustained which limited the cross-examination of Webb. This concerned blood on the floor after Flores was hit with the shotgun. Defendant did not claim this question was directed to Webb's credibility. Thus, the only limitation on Webb's cross-examination as to his credibility was the question concerning Flores being hit with a shotgun. Compare State v. Latham, 83 N.M. 530, 494 P.2d 192 (Ct.App.1972).

As to that one question, it had been partially answered and the answer was not stricken. With no more than the question and the partial answer for our consideration, we cannot say the trial court abused its discretion by its ruling. Compare State v. Moraga, 82 N.M. 750, 487 P. 2d 178 (Ct.App.1971). In so holding, we note that the defense case brought out, through Moody, details of the shotgun incident. Even if there had been an undue restriction in the cross-examination of Webb,

it was cured by this subsequent testimony. See State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct.App.), decided June 9, 1972.

*Asserted partiality of trial judge.*

Defendant asserts he was denied a fair trial because the trial court "prejudiced the rights of . . . [defendant] by words, conduct and actions." The items referred to include: restrictions on cross-examination; admonishment of defense counsel both within and outside the presence of the jury; refusal to allow defense counsel to present and argue his reasons for his extensive cross-examination; and the imposition of sentence immediately upon return of the jury verdict.

A trial judge has a duty to maintain impartiality during the trial of a case. State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966); State v. Clark, 83 N.M. 484, 493 P.2d 969 (Ct.App.1971). The admonishment to counsel was made in response to remarks made by counsel after he was directed not to pursue a particular line of examination. Part of the admonishment was made outside the presence of the jury. The restrictions on defendant's cross-examination of witnesses were within the discretion of the trial court. As previously indicated, there was no abuse of discretion.

After conviction, the trial judge has discretion to impose sentence immediately or request a pre-sentence report. See § 41–17–23, N.M.S.A.1953 (Repl.Vol. 6); State v. Follis, 81 N.M. 690, 472 P.2d 655 (Ct.App.1970). Since the jury had returned its verdict, it cannot be said that immediate sentencing deprived defendant of a fair trial. Further, there is nothing to show an abuse of discretion by the trial court in immediately imposing sentence.

When considered in context, it cannot be said that the trial court's conduct could be understood by the jury as indicating the trial court was biased or prejudiced against the defendant, or that defendant was deprived of a fair trial. State v. Clark, supra.

*Cumulative error.*

Defendant seeks to invoke the doctrine of cumulative error on the basis that if the points raised by defendant are ". . . insufficient individually to constitute reversible error, . . . [then they] in their aggregate, establish that the defendant was denied a fair trial. . . ." We have held that the points raised are not error. Therefore, the doctrine of cumulative error has no application here. Defendant points to no matter not already raised and answered in this opinion. Defendant was afforded a fair trial and his argument is, therefore, without merit. State v. Valdez, 83 N.M. 632, 495 P.2d 1079 (Ct.App.1972).

Affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.