563 P.2d 100

STATE of New Mexico,
Plaintiff-Appellee,

v.

Ralph HERRERA, Defendant-Appellant.

No. 2679.

Court of Appeals of New Mexico.

March 15, 1977.

Writ of Certiorari Denied April 20, 1977.

Jan A. Hartke, Chief Public Defender,
Reginald J. Storment, Appellate Defender,
Santa Fe, for defendant-appellant.

Ralph W. Muxlow, II, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of trafficking in heroin. His appeal raises issues as to: (1) sufficiency of the evidence and (2) judicial misconduct. Other issues listed in the docketing statement have not been briefed. They are deemed abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct. App.1976).

### Sufficiency of the Evidence

■ This issue is before us even though no motion for a directed verdict was made at the close of the evidence. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

Searching for heroin pursuant to a search warrant, officers searched the house and curtilage of defendant. See *State v. Aragon*, 89 N.M. 91, 547 P.2d 574 (Ct.App.1976). Under a boat trailer, in a "freshly dug earth spot", a vial was found which contained heroin. Defendant and his wife were arrested; subsequently, the wife pled guilty to possession of heroin.

Defendant claims the evidence is insufficient to show that he possessed the heroin that was found. Since he was not in physical possession of the heroin when it was found by the officers, defendant must have constructively possessed the heroin. By constructive possession, we mean knowledge of the presence of the heroin and control over it. *State v. Montoya*, 85. N.M. 126, 509 P.2d 893 (Ct.App.1973).

■ Defendant was not in exclusive possession of the premises; his wife resided with him. Because defendant was not in exclusive possession, an inference of constructive possession cannot be drawn unless there are incriminating statements or circumstances tending to support the inference. *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974); *State v. Baca*, 87 N.M. 12, 528 P.2d 656 (Ct.App.1974). Such additional evidence is present in this case.

■ Inside the house officers found numerous "tinfoils" approximately one and one-half inches square. The tinfoil was unused. There is evidence that "caps" are usually wrapped in tinfoil of this size. On the way to the police station, the wife remarked that " 'You got everything that *we* had, that's all that *we* had' ". (Our emphasis.) Defendant told his wife to keep her mouth shut. This evidence sustains the inference that defendant constructively possessed the heroin that was found.

Defendant claims the evidence was insufficient to show trafficking because the evidence is insufficient to show that he intended to distribute the heroin. Section 54–11–20 N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp. 1975).

■ There is evidence that the heroin weighed 3.3 grams and was 16 percent pure. There is evidence that the usual purity of street heroin is 3 to 5 percent and that street heroin is packaged in weights of 20 to 40 milligrams. Reduction of the heroin which was found to street purity, packaged for street sale, would result in at least 264 caps of heroin. There is evidence that heroin is generally packaged for resale on the street in small tinfoil packets, called caps. There is evidence that the search failed to disclose paraphernalia indicating use of the heroin on the premises. This evidence, together with the large number of tinfoil squares, permits the inference that defendant intended to distribute the heroin. See *State v. Bowers*, supra.

The evidence is sufficient to sustain the conviction.

### Judicial Misconduct

(a) Remarks Concerning Witnesses

The defense called Tartaglia as a witness. Tartaglia, an employee of an Albuquerque drug rehabilitation program, testified as to street usage and practices in connection with heroin. On cross-examination, the State asked Tartaglia whether defendant or defendant's wife was a member of "your program". Defense counsel, stating no reasons, objected and moved for a mistrial.

**308**

Tartaglia stated that under federal law he could not give information "on any of the clients on the program" without permission of the client.

Defense counsel then interrupted, stating that Tartaglia's testimony was not the law. Defense counsel proceeded to make a speech about federal law and regulations. In the speech, defense counsel stated that the director of the program, Richard Gomez, was "out in the hall", and would have information about the program and what could not be revealed under federal law. The trial court remarked: "You shouldn't be calling people like that as a witness."

█ Defendant again moved for a mistrial, stating no grounds. On appeal, defendant asserts the "unnecessary remarks concerning the calling of witness Tartaglia" amounted to judicial misconduct. This is incorrect. The context shows the trial court's remark referred to Gomez and not Tartaglia.

In cross-examining Tartaglia, the State asked a series of questions concerning Tartaglia's unwillingness to testify in cases involving heroin users because such testimony would cause people on a methadone maintenance program to distrust Tartaglia. Defense counsel objected "to this line of questioning" as irrelevant and hypothetical. The trial court remarked: "If you don't want your witnesses cross-examined, don't call them. Objection overruled." Defense counsel objected to the remarks and moved for a mistrial. Defendant asserts this remark also amounted to judicial misconduct.

Neither of the remarks was a display of bias against or in favor of a party. *State v. Sedillo*, 76 N.M. 273, 414 P.2d 500 (1966); *State v. Mireles*, 84 N.M. 146, 500 P.2d 431 (Ct.App.1972); *State v. Clark*, 83 N.M. 484, 493 P.2d 969 (Ct.App.1971). Neither of the remarks amount to an undue interference by the trial court or show such a severe attitude that proper presentation of the case was prevented. *In Re Will of Callaway*, 84 N.M. 125, 500 P.2d 410 (1972).

The remarks do indicate impatience on the part of the trial court. However, when considered in context, we cannot say that the remarks deprived defendant of a fair trial. *State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App. decided January 4, 1977).

(b) Interruption of Closing Argument

In cross-examining an officer, the defense brought out that the officer told the grand jury that he seized approximately an ounce of heroin. The trial evidence shows that the weight was 3.3 grams or less than one-seventh of an ounce. The officer explained the discrepancy on the basis that he had not weighed the heroin prior to his grand jury testimony.

During closing argument by the defense, the following occurred:

"The big thing about this case, something called a Grand Jury. You can't bring somebody in here unless he has been indicted by a Grand Jury, you've got to have that much testimony presented to the Grand Jury and this man Ortiz, with seven years' experience went before that Grand Jury, six or seven weeks after he dug this stuff up out of the ground, and told them that he dug up an ounce, which is ten times as much as this is in that bottle, and because he told them he dug up an ounce, they indicted this man with possession to – – –

"THE COURT: Counsel, that is not a proper statement, not a proper argument as to what happened at the Grand Jury and why the Grand Jury did something. That is not material, and you know that is not why the Grand Jury did it and refrain from any further comments along that line."

█ Defendant moved for a mistrial because of the interruption by the trial court. He claims his "argument to the jury was entirely proper, yet the outburst left the jury with the impression that defense counsel was guilty of some gross, intentional misconduct." The argument was improper; it argued the evidentiary basis for the grand jury indictment. The evidentiary basis for the grand jury indictment is not a matter for judicial review. *State v. Ergenbright*, 84 N.M. 662, 506 P.2d 1209 (1973);

*State v. Elam,* 86 N.M. 595, 526 P.2d 189 (Ct.App.1974). The evidentiary basis for the indictment is also not a matter for argument to the trial jury because it is irrelevant to the question of guilt or innocence. It is the trial court's "duty to see that no improper statements are made likely to influence the jury in their verdict, and that the cause is tried upon the sworn testimony of the witnesses." *State v. Cummings,* 57 N.M. 36, 253 P.2d 321 (1953).

The trial court could properly interrupt counsel's argument and require that the argument stay within matters pertinent to the trial. See *State v. Pace,* 80 N.M. 364, 456 P.2d 197 (1969). The interruption did not amount to judicial misconduct nor deny defendant a fair trial.

Defendant asserts that the "outburst by the court and the denial of defendant's mistrial motion were reversible error because it deprived defendant of his right to comment on the credibility of witnesses against him—the right to put on a complete defense." This contention is fiction. Nothing was said about commenting on the discrepancy between the officer's grand jury and trial testimony. The exchange between the trial court and defense counsel, out of the presence of the jury, went only to "why the Grand Jury did something."

### (c) Cumulative Error

Defendant claims that the combination of the trial court's remarks during the testimony of Tartaglia and the interruption of defense counsel's closing argument amounted to cumulative error. There being no error, there was no cumulative error. *State v. Mireles,* supra.

### (d) Trial Court's Manner

We have previously quoted defendant's brief referring to the interruption of closing argument as an "outburst". The brief also characterizes the trial court's remarks during the interruption as a "tirade". The brief states that the trial court's remarks during the testimony of Tartaglia were shouted in an extremely loud and angry voice. Transcript references in support of these characterizations are to defendant's motion for a new trial. The docketing statement characterizes the trial court as "bellowing."

The transcript is typewritten. As stated in *In Re Will of Callaway,* supra: "[A] cold, bare transcript sometimes does not reflect the total atmosphere of a trial." The transcript here does not show the alleged mannerisms of the trial court. We cannot determine either whether the trial court indulged in the asserted mannerisms or whether counsel have made improper charges against the trial court. *State v. Gurule,* supra. We do note that, to date, claims based on trial court mannerisms have not been raised in appeals where the trial proceedings were taped.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.