568 P.2d 270

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Johnny Kent BLAKLEY,
Defendant-Appellant.**

No. 2852.

Court of Appeals of New Mexico.

Aug. 9, 1977.

Jan A. Hartke, Chief Public Defender, Douglas A. Barr, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Toney Tupler, Asst. Dist. Atty., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Count I charged homicide by vehicle while driving recklessly. Sections 64–22–1 and 64–22–3, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Count II charged failure to stop and remain at the scene of an accident. Section 64–17–1, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Count III charged driving while license was suspended or revoked. Section 64–13–68, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Defendant was found guilty of each of the charges; he appeals. The claim that a verdict should have been directed because of insufficient evidence is frivolous; substantial evidence supports the verdicts of guilty. We discuss: (1) validity of the indictment; (2) severance; (3) deposition and testimony of a late discovered witness; (4) trial court's comments; (5) admission of exhibits; and (6) instructions and closing argument.

### Validity of the Indictment

Defendant moved to dismiss the indictment, asserting it was not returned in accordance with law. There are two contentions under this issue: (a) the time when the indictment was "returned", and (b) the number of jurors making the "return".

### (a) Time of the Return

At the hearing on the motion to dismiss, defendant's position was that "the entire grand jury voted the indictment Friday night" but the indictment was not "returned" until Monday morning. "Friday night" was August 27, 1976. The indictment is dated August 30, 1976 and was filed by the district court clerk at 10:46 a.m. on August 30, 1976.

Section 41–5–5, N.M.S.A.1953 (2d Repl. Vol. 6) states: "Indictments shall be returned by the grand jury, within twenty-four [24] hours following the day when the indictment is voted." Defendant asserts that the interval between Friday evening and the following Monday morning violated this statute. We disagree.

Section 41–5–4, N.M.S.A.1953 (2d Repl. Vol. 6) states: "The grand jury shall conduct its hearing during the *usual business hours* of the court which convened it." (Our emphasis.) The trial court ruled that court was not in session during the intervening Saturday and Sunday, and that the indictment had been returned on the next court day following the voting of the indictment. The twenty-four-hour period of § 41–5–5, supra, does not include Saturdays and Sundays if the court which convened the grand jury was not in session on those days. The return of the indictment on the following Monday complied with § 41–5–5, supra. Compare N.M.Crim.App. 302(a).

### (b) Number of Jurors Making the Return

Section 41–5–5, supra, states that indictments shall be "returned by the grand jury". Defendant's contention is: ". . . at the time of the return, only the foreman and about three or four of the other members of the grand jury were present. It was not returned by the grand jury itself."

Section 41–5–2, N.M.S.A.1953 (2d Repl. Vol. 6) provides: "The foreman will sign all reports, indictments or other undertakings of the grand jury." *State v. Ellis,* 89 N.M. 194, 548 P.2d 1212 (Ct.App.1976) holds that court need not be formally convened to receive an indictment; that indictments need not be returned in open court. Under *State v. Ellis,* supra, the filing of the indictment with the district court clerk. is sufficient.

"[R]eturned by the grand jury" in § 41–5–5, supra, means an indictment voted by the grand jury, signed by the foreman and filed either with the court clerk or the

judge. The indictment was properly "returned" in this case. The fact that the entire grand jury was not present at the time of the "return" did not invalidate the indictment.

■ Defendant claims that "less than the statutory minimum number of jurors returned the indictment." The concurrence of eight grand jurors is required to vote an indictment. N.M.Const., Art. II, § 14; § 41–5–10, N.M.S.A.1953 (2d Repl. Vol. 6). In the trial court, defendant's position was that "the entire grand jury voted the indictment". There is no factual basis for the claim that less than eight grand jurors voted the indictment.

The motion to dismiss was properly denied.

### Severance

Defendant moved that Count I, the homicide by vehicle charge, be severed from Counts II and III, the charges of failure to stop and remain at the accident scene and driving while his license was suspended or revoked. The motion alleged that one trial on all three counts would prejudice him and was based on Rule of Criminal Procedure 34(a). Two claims of prejudice were asserted.

■ The first claim was that he wished to testify in defense of Count I, but did not wish to testify as to Counts II and III. The contention was that a failure to sever would either deprive him of his constitutional right to remain silent as to Counts II and III, or deprive him of his right to testify as to Count I. This claim is meritless; defendant was not legally prejudiced by the failure to sever on the basis of this first claim. *State v. Silver,* 83 N.M. 1, 487 P.2d 910 (Ct.App.1971).

The second claim was that evidence concerning Counts II and III would prejudice his defense of Count I. The contention was that even if evidence concerning Counts II and III was relevant to the Count I charge, the probative value of such evidence was substantially outweighed by the danger of unfair prejudice to the defense of Count I.

Evidence Rule 403. The appellate issue is whether the trial court abused its discretion in denying severance on the basis of this claim. *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App.1976). Neither prejudice nor abuse of discretion has been shown.

The motion to sever was properly denied.

### *Deposition and Testimony of a Late Discovered Witness*

A general discovery order required each party to disclose to the other, ten days prior to trial, a list of witnesses the party intended to call at the trial.

The State was aware of a motorcyclist who witnessed the accident but had been unable to locate this witness during its investigation. The witness was not identified in the police files on defendant's case.

On the evening of December 14, 1976 the prosecutor reviewed the case with police officers. During that review, a statement by the witness was found in a police file on the accident victim. On the morning of December 15, 1976 at approximately 10:00 a.m., the prosecutor telephoned defense counsel and gave defense counsel the name and telephone number of the witness. The prosecutor then interviewed the witness and on the evening of December 15th, gave defense counsel a copy of the witness's statement. In addition, the prosecutor read to defense counsel, the prosecutor's notes of the interview with the witness.

When trial began on the morning of December 16, 1976, defendant sought to prevent the witness from testifying and asked that he be permitted to depose the witness.

■ Rule of Criminal Procedure 29(a) states the showing required before the trial court may order the taking of a deposition in a criminal case. Defendant did not show that the deposition was necessary to prevent injustice, did not show that the witness would not cooperate in giving a voluntary, signed, written statement, and did not show that the witness might be unable to attend the trial. The only showing is that, after being informed as to where the witness might be located, defendant made no

effort to interview the witness. The witness testified at trial.

The trial court did not err in refusing to authorize the deposition. See dissenting opinion in *State v. Billington,* 86 N.M. 44, 519 P.2d 140 (Ct.App.1974).

■ The showing to the trial court was that the prosecutor gave oral notice to defendant promptly after the prosecutor learned the witness's name and on the same day furnished defendant with the information the prosecutor had acquired. These circumstances do not show that the trial court abused its discretion in permitting the witness to testify. Rule of Criminal Procedure 30; *State v. Smith,* 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

### Trial Court's Comments

■ On appeal, defendant asserts that four comments by the trial court deprived him of a fair trial. No issue as to the appropriateness of the comments was raised in the trial court. *State v. Gurule,* 90 N.M. 87, 559 P.2d 1214 (Ct.App.1977). Compare *State v. Herrera,* 90 N.M. 306, 563 P.2d 100 (Ct.App.1977) where such an issue was raised. Accordingly, this issue need not be considered. N.M.Crim.App. 308.

■ In addition, the claim is without merit. The first alleged remark concerns the credibility of a witness. No such comment was made. The second remark was that a witness, a nurse, was the most qualified person in the courtroom to testify that on the night of the accident defendant did not appear in a state of shock. This remark was inappropriate and should not have been made. However, when the remark is considered in context—counsel's objection to the nurse testifying as to the nurse's observations—the remark did not deprive defendant of a fair trial. *State v. Herrera,* supra.

■ The third remark, made twice, was directed to defense counsel and was "[s]traighten your questions out". The remark came during defendant's cross-examination of a witness concerning the point on defendant's car where the car came into contact with the victim. The questioning was misleading. The trial court's remark was appropriate under Evidence Rule 611(a) inasmuch as the remark was the exercise of reasonable control to make the interrogation "effective for the ascertainment of the truth".

■ The fourth remark occurred during defendant's cross-examination of another witness. The prosecutor objected to a question; the trial court remarked: "You have a right to lead, but you do not have a right to put words in his mouth. Ask him what the man was doing." While this remark should not have been phrased as it was phrased, it nevertheless was appropriate under Evidence Rule 611(a).

The remarks, considered singly or cumulatively, did not deprive defendant of a fair trial. *State v. Herrera,* supra; *State v. Gurule,* supra.

### Admission of Exhibits

■ (a) Two color photographs were admitted showing blood on the underside of defendant's vehicle. A black and white photograph was admitted which showed the body of the victim at the accident scene. The three photographs illustrated, clarified, and corroborated the testimony of various witnesses. Admission of the photographs was not an abuse of discretion. *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977).

■ (b) An exhibit consisting of five pages was certified by an officer of the division of motor vehicles as a true and correct copy of original records in the custody of the officer. The certification bears the seal of the motor vehicle division. The exhibit is a copy of public records concerning the revocation of defendant's driver's license. The exhibit was relevant to Count III, see Evidence Rule 401. It was admitted only in connection with Count III and the jury was so instructed. Evidence Rule 106. The exhibit was properly admitted under Evidence Rules 902(4) and 1005.

### Instructions and Closing Argument

The trial court instructed the jury as follows:

"For you to find the defendant guilty of homicide by vehicle as charged in Count I, The State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

"1. The defendant operated a motor vehicle recklessly.

"2. The defendant thereby caused the death of Aubrey Gene McGuffin.

"3. This happened in New Mexico on or about the 7th day of July, 1976."

"For you to find that the defendant was driving recklessly, you must find that he drove with a total disregard or indifference for the safety of others."

These are approved instructions, being U.J.I. Crim. 2.60 and 2.61.

■ The trial court refused to give two requested instructions. One of the refused instructions defined reckless driving in accordance with § 64–22–3(A), supra. The other refused instruction defined "willful and wanton conduct" in conformity with U.J.I. Civil 12.9.

Defendant claims the refusal of his requested instructions was error because the instructions given, U.J.I. Crim. 2.60 and 2.61, do not "define the elements of the crime". He asserts that the jury was not instructed on an essential element of the crime—willful and wanton conduct.

The Commentary to U.J.I. Crim. 2.61 indicates that the prior practice of instructing on willful and wanton conduct was not considered to be helpful and was deliberately omitted from the instructions. We agree. The instructions quoted above adequately instructed the jury on reckless driving. The instructions given having adequately instructed on reckless driving, refusal of the requested instructions was not error. *State v. Beal,* 86 N.M. 335, 524 P.2d 198 (1974).

■ In addition, the trial court properly refused the requested instructions because U.J.I. Crim. instructions were applicable, and the trial court was bound to follow the Supreme Court order directing that the uniform instructions be used without substantive modifications or substitution. *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App. 1977).

After the requested instructions were refused, defendant asked if he would be permitted "to argue the statute [§ 64–22–3(A), supra] to the jury". The trial court replied: "No, sir. You will be permitted to argue the instructions to the jury."

■ Defendant asserts this ruling denied him the right to defend against the State's accusation. This contention bottoms on the view that reckless driving requires willful and wanton conduct. The instructions given, defining reckless driving in terms of a total disregard or indifference to the safety of others, encompass willful and wanton conduct. To permit argument on a statutory wording not used in the instructions would have been confusing. Defendant was permitted to argue from the instructions and, thus, was permitted to argue the offense charged.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.