This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **No. 35,206**

**ERNEST HOLGUIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence convicting him following a jury trial on one count of possession of a deadly weapon by a prisoner, contrary to NMSA 1978, Section 30-22-16 (1986). This Court issued a notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition and a motion to amend his docketing statement, each of which we have duly considered. Remaining unpersuaded, we deny the motion to amend, and we affirm.

{2}     Defendant raised a single issue in his docketing statement: whether there was sufficient evidence to support his conviction. [DS 4] In his memorandum in opposition, Defendant has moved to amend the docketing statement to add an ineffective assistance of counsel claim and a fundamental error claim. [MIO 1] We will first consider Defendant's motion to amend the docketing statement, reordering his issues for ease of analysis, before concluding with our examination of the sufficiency of the evidence.

{3}     In his memorandum in opposition, Defendant has moved to amend the docketing statement to add a claim that the district court's failure to include certain language in the jury instruction defining "possession" constituted fundamental error. [MIO 1, 9-14, 17-20] *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081,

2

¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) the motion must be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issue raised is viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{4} In support of his motion to amend, Defendant essentially argues instructional error. Specifically, Defendant points out that the district court defined "possession" for the jury as follows:

> A person is in possession of a hairbrush that had the handle sharpened to a point ("shank") when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence, and he exercises control over it. Even if the object is not in his physical presence, he is in possession if he knows what it is and where it is and he exercises control over it.

[RP 56; *see* MIO 9-10] Defendant acknowledges that his trial counsel did not object to this particular instruction as given, modeled on UJI 14-130 NMRA, even though it does not contain bracketed language from UJI 14-130 stating that "[a] person's presence in the vicinity of the object or his knowledge of the existence or the location of the object is not, by itself, possession[,]" nor did he tender a requested instruction

3

of his own that included the omitted phrase. [MIO 10] Because the claim of instructional error was not preserved below, we review for whether the omission of the bracketed language constitutes fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 ("The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved we review the instructions for reversible error. If not, we review for fundamental error. Under both standards we seek to determine whether a reasonable juror would have been confused or misled by the instruction." (internal quotation marks and citations omitted)).

{5}     The thrust of Defendant's argument is centered around his contention that this is a constructive possession case in which the shank was found in a jail cell he shared with another inmate. [MIO 7, 19] According to Defendant, he was therefore entitled to an instruction cautioning jurors that proximity alone does not constitute possession. [MIO 12] However, our review of the facts as presented in Defendant's docketing statement and memorandum in opposition reveals that Defendant appears to be conflating constructive possession with possession proven through proximity alone.

{6}     Specifically, it does not appear that facts were presented at trial showing Defendant's physical proximity to the shank when it was discovered by Officer Mora. Instead, the State appears to have presented testimony that Defendant alone had access

4

to the jail cell and did not have a cellmate. [DS 2; MIO 3-4] Presumably, this evidence was presented to demonstrate that Defendant's access to the cell—and the shank—was exclusive, allowing for an inference by the jury of knowledge and control that would constitute possession. *See State v. Brietag*, 1989-NMCA-019, ¶ 15, 108 N.M. 368, 772 P.2d 898 (stating that "evidence indicating *sole* occupancy of a bedroom supports a logical inference of control and knowledge of the room's contents by the usual occupier" (internal quotation marks and citation omitted)). On the other hand, Defendant's defense at trial centered on his contention that the State's witnesses were being untruthful and that he did indeed have a cellmate. [DS 2-3; MIO 3-5, 7] This Court has held that where access to the area searched is not exclusive, "an inference of constructive possession cannot be drawn unless there are incriminating statements or circumstances tending to support the inference." *Id.* ¶ 11. It appears that the State attempted to meet this additional evidentiary requirement through Sergeant Ornales's testimony that Defendant admitted to owning the shank. [DS 2; MIO 4]

**{7}** Thus, we conclude that the jury could have either believed the State's witnesses that Defendant was the sole occupant of the cell—establishing exclusive access to the premises searched—or the jury could have believed Defendant's testimony that he had a cellmate, thereby establishing non-exclusive access, but also that Defendant admitted to owning the shank. In either case, it does not appear that there is a

reasonable likelihood that the jury was confused or misled and convicted Defendant based on proximity alone, especially where it appears that at no time did the State attempt to prove possession through proximity, nor does it appear that any evidence was adduced at trial placing Defendant in physical proximity to the shank. Because this case appears to have turned on exclusive access versus non-exclusive access to the cell and the shank, in which Defendant's proximity appears to have played no part, we cannot say that Defendant would have been entitled to the instruction under these circumstances, even if he had requested it. *See State v. Mireles*, 1972-NMCA-105, ¶ 12, 84 N.M. 146, 500 P.2d 431 (determining no error in refusing instruction that does not state the defendant's theory). Therefore, there was no fundamental error in not giving the omitted phrase from the instruction on possession. *See State v. Barber*, 2004-NMSC-019, ¶ 9, 135 N.M. 621, 92 P.3d 633 (stating that, in a fundamental error analysis for failure to give instruction, the first question is whether the defendant would have been entitled to the instruction had he requested it). Consequently, this issue is nonviable, and we deny Defendant's motion to amend the docketing statement to add this issue.

**{8}** Defendant has also moved to amend the docketing statement to add the issue of ineffective assistance of counsel based on (1) the failure of his trial counsel to request the omitted portion of the possession instruction, as discussed earlier, and (2)

6

the failure of his trial counsel to obtain and present corroborating evidence. [MIO 1, 7-17]

**{9}** Defendant was constitutionally entitled to effective assistance of counsel. *See State v. Plouse*, 2003-NMCA-048, ¶ 6, 133 N.M. 495, 64 P.3d 522. He was denied effective assistance of counsel if he can prove that his counsel's performance fell below that of a reasonably competent attorney and that his counsel's deficient performance prejudiced his defense. *See id.* However, counsel is presumed competent unless Defendant succeeds in proving both prongs, *see id.*, and a prima facie case is not made when a plausible, rational trial strategy or tactic can explain defense counsel's conduct. *Id*. ¶ 17; *State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238.

**{10}** With respect to trial counsel's failure to request the omitted language, as we have discussed, Defendant was not entitled to an instruction containing the bracketed portion because proximity was not at issue in this case. In light of the evidence summarized here, it was rational for defense counsel to conclude that the best defense to the possession charge was to establish non-exclusive access to the jail cell in which the shank was discovered. Defendant pursued his non-exclusive access defense through cross-examination of the State's witnesses—including impeachment of the witnesses on the issues of whether he had a cellmate and whether he made the

admission to owning the shank—and through his own testimony. If Defendant was believed by the jury, this defense would have resulted in an acquittal. Thus, we cannot say that Defendant was denied his right to effective assistance of counsel, and the motion to amend the docketing statement on this point is denied as nonviable.

{11} Defendant's second ineffective assistance of counsel argument is that his trial counsel failed to obtain documentary evidence that could have proved that he had a cellmate and also failed to contact witnesses who could have corroborated Defendant's testimony. [MIO 7-8, 15-17] With respect to the documentary evidence, we first note that Defendant claims in his memorandum in opposition to have obtained grievance paperwork filed by him against Officer Mora while in jail, but acknowledges that this paperwork is not a matter of record in this case. [MIO 2 (n.1)] Therefore, we are not in a position to consider the grievance paperwork. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). As to the paperwork that would purportedly show that Defendant had a cellmate, we note that there is no indication that such documentation is a matter of record, and again, we decline to consider matters outside the record. *Id.*

{12} With respect to trial counsel's failure to contact potential defense witnesses, Defendant has not informed this Court what testimony these unnamed witnesses

would have provided, other than the generalized claim that they would have corroborated his claim that he had a cellmate. [MIO 15-16] However, the record does not appear to contain any evidence of how the information from these unnamed witnesses would have changed the outcome of the proceedings given the fact that non-exclusive access is not a complete defense, but rather precludes an inference of constructive possession and requires the State to present additional incriminating evidence, which it did in the form of Defendant's admission. Therefore, we conclude that Defendant has not demonstrated a prima facie case of ineffective assistance of counsel. *Cf. State v. Dartez*, 1998-NMCA-009, ¶ 27, 124 N.M. 455, 952 P.2d 450 (holding that counsel's failure to interview the witness was not prejudicial, for purposes of a claim of ineffective assistance, in the absence of any indication that the witness's testimony would have benefitted the defendant). However, Defendant may pursue the issue in a habeas corpus proceeding as our appellate courts prefer habeas proceedings so that "the defendant may actually develop the record with respect to defense counsel's actions." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517.

{13}     Finally, Defendant continues to challenge the sufficiency of the evidence in this case. [MIO 20-23] In our calendar notice, in accordance with our standard of review, viewing the evidence in the light most favorable to the guilty verdict, we proposed to

9

conclude that the evidence presented at trial was sufficient to support the jury's finding of guilt on the single count of possession of a deadly weapon by a prisoner. [CN 4] Specifically, we noted that it appeared that there was testimony by two correctional officers that the shank was discovered in Defendant's cell at the Metropolitan Detention Center. [CN 2-3] Furthermore, we noted that it appeared that there was testimony that Defendant was the sole occupant of the cell in which the shank was discovered and that Defendant admitted to being in possession of the shank. [CN 3]

{14} To the extent Defendant continues to argue that the testimony of the correctional officers was unreliable and improbable [MIO 21-22], and that Officer Mora had a motive to lie—based on three complaints filed against him by Defendant [DS 2-3; MIO 5]—as well as the fact that neither the search nor his admission were recorded [DS 2; MIO 23], these issues go to the weight to be afforded the testimony by the fact-finder. However, "[w]e do not re-weigh the evidence or substitute our judgment for that of the fact-finder, so long as sufficient evidence supports the verdict." *State v. Hornbeck*, 2008-NMCA-039, ¶ 33, 143 N.M 562, 178 P.3d 847. Additionally, to the extent that Defendant relies on his testimony that he had a cellmate and that the shank belonged to him, not Defendant, we are not persuaded. [MIO 23] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829

("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{15}     Accordingly, for the reasons stated in this Opinion, as well as those provided in our notice of proposed disposition, we deny the motion to amend the docketing statement, and we affirm.

{16}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**