## FREMONT CONSOLIDATED OIL CO. v. ANDERSON, ET AL.

(No. 1727; June 11, 1932; 12 Pac. (2d) 369)

For the plaintiff in error, the cause was submitted upon the brief of *O. N. Gibson* and *Donald Spiker,* both of Riverton, Wyoming.

RINER, Justice.

This proceeding in error was brought to obtain review of a judgment rendered by the District Court of Fremont County. No briefs were filed on behalf of the defendants in error. The case is here only upon the record proper, there being no bill of exceptions setting forth the evidence received or the rulings made in connection therewith.

According to the plaintiff's petition, the action was brought by the Fremont Consolidated Oil Company, a Wyoming corporation, to recover from certain of its stockholders the proportionate amount of a dividend received by each and duly declared by resolution of the directors of said corporation on July 8, 1925. Thereafter, it having been discovered, as it is alleged, that too large an amount had been

ordered distributed, on November 7, 1926, the directors aforesaid by resolution levied an assessment against each and all of the stockholders of the corporation ''in proportion to their holdings on the basis of one and one-half cents on each share held.'' The defendants, after notice of the assessment, it is averred, declined to pay the demand thus made. This litigation was commenced, according to the prayer of plaintiff's petition, to ''recover judgment against each of said defendants for the amount due from him aforesaid, together with interest thereon from the date upon which payment thereof was wrongfully withheld, to-wit: January 1st, 1927; that each of said judgments be declared to be a lien upon the said shares of capital stock owned by him as aforesaid; that said lien be enforced by advertisement and sale of said stock; that said proceeds be applied to the payment of said judgment; and that the costs herein be taxed against the Defendants.''

Some of the defendants appeared and answered plaintiff's petition and some did not. The substance of and questions raised by these answers are not material here under the assignments of error made by plaintiff in error, the corporation above named. It appears that a large number of the defendants were non-residents of the State of Wyoming and hence could not be personally served with process, the process employed as to them being constructively served by publication or its equivalent, only.

The cause was tried to the court without a jury and, after a hearing at which evidence and arguments of counsel thereon were presented, a judgment was rendered against some of the defendants who had appeared in the action, the cause was dismissed as to others, and it was also recited therein that ''It further appearing to the Court that all of the non-appearing Defendants herein come not but make default. And it also appearing to the Court that there is nothing in the allegation and proof thereunder, that indicate that this Court has acquired any jurisdiction over the

shares of stock of non-resident stockholders. This cause is therefore dismissed as to them." Plaintiff saved its exception to that part of the judgment quoted above and the action of the court in thus dismissing the suit as to the non-resident stockholders is assigned as error. The propriety of the court's ruling in that respect is the only question in the case.

It is insisted by plaintiff in error that the principles announced in such cases as Hook v. Hoffman, 16 Ariz. 540, 147 Pac. 722, and Jellenik v. Huron Copper-Mining Company, 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647, should have controlled the action of the court. Those were cases, however, where it was held that the situs of stock in a corporation, for the purpose of determining its ownership, was within the state where the corporation was created and were suits to determine conflicting claims to corporate stock. In those cases, it was concluded that it was proper to adjudicate the question involved upon mere constructive service of process being made upon non-resident claimants of the stock.

The distinction between these cases and the one at bar is obvious: They were to settle the title to property located within the state where thy arose; this is to enforce the payment of a debt asserted to be due plaintiff by a sale of the stock of non-resident owners after a judgment rendered against them for the amount claimed to be due. It was neither pleaded nor proved, so far as this record shows, that plaintiff had a lien upon the stock of non-resident owners or any right therein until a levy thereon by execution under the judgment rendered was made. The stock was not attached in the manner provided by law and brought within the control of the court. As said in 15 C. J. 802, in a case such as we have here: "The mere fact that property is within the jurisdiction of the court is not sufficient to justify an action in *personam* against defendant where he cannot be served with process; the property itself must be brought before the court."

In the important and leading case of Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. Ed. 565, so often referred to in connection with questions of this kind, Mr. Justice Field said:

"The want of authority of the tribunals of a state to adjudicate upon the obligations of non-residents, where they have no property within its limits, is not denied by the court below; but the position is assumed that, where they have property within the state, it is immaterial whether the property is in the first instance brought under the control of the court by attachment or some other equivalent act, and afterwards applied by its judgment to the satisfaction of demands against its owner; or such demands be first established in a personal action, and the property of the nonresident be afterwards seized and sold on execution. But the answer to this position has already been given in the statement that the jurisdiction of the court to inquire into and determine his obligations at all is only incidental to its jurisdiction over the property. Its jurisdiction in that respect cannot be made to depend upon facts to be ascertained after it has tried the cause and rendered the judgment. If the judgment be previously void, it will not become valid by the subsequent discovery of property of the defendant, or by his subsequent acquisition of it. The judgment, if void when rendered, will always remain void; it cannot occupy the doubtful position of being valid if property be found and void if there be none. Even if the position assumed were confined to cases where the non-resident defendant possessed property in the state at the commencement of the action, it would still make the validity of the proceedings and judgment depend upon the question whether, before the levy of the execution, the defendant had or had not disposed of the property. If before the levy the property should be sold, then according to this position, the judgment would not be binding. This doctrine would introduce a new element of uncertainty in judicial proceedings. The contrary is the law; the validity of every judgment depends upon the jurisdiction of the court before it is rendered, not upon what will occur subsequently."

Our conclusion is that the District Court was correct in this ruling. This is said, too, without taking into consideration the fact that there are no proofs in the record here to

enable us to determine whether the trial court acted erroneously or not. It is perfectly apparent that its action was based upon the proofs submitted as well as upon the record proper.

The judgment should be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J.; concur.