PEOPLE v. ASHER

1. TRIAL—CRIMINAL LAW—ABSENTEE DEFENDANT—LEGAL DETENTION—PRESENCE AT TRIAL.
    One who is being involuntarily though legally detained in a state penal institution does not have a duty to present himself for trial on criminal charges pending against him.

2. TRIAL—CRIMINAL LAW—ABSENTEE DEFENDANT—LEGAL DETENTION—NOTICE—PRESENCE AT TRIAL—PROSECUTION DUTY.
    A prosecutor, when he has notice of an accused's detention in a state penal institution, has the duty of seeing that such accused is present at all essential stages of trial.

3. TRIAL—CRIMINAL LAW—ABSENTEE DEFENDANT—LEGAL DETENTION—PRESENCE AT TRIAL—ADJOURNMENT—180-DAY RULE—WAIVER.
    Trial adjournment necessitated by defendant's absence did not constitute a waiver by defendant of rights created by the

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 285–287, 302, 305.
[2]  21 Am Jur 2d, Criminal Law §§ 271–278, 288.
[3]  21 Am Jur 2d, Criminal Law §§ 249, 250, 254.
[4]  21 Am Jur 2d, Criminal Law §§ 251, 252, 255.

statute regarding disposition of untried charges within 180 days where defendant was being legally detained in a state institution, and the prosecutor, knowing of that detention, failed to produce defendant for trial (MCLA §§ 780.131, 780.133).

4. APPEAL AND ERROR—RECORD—INSUFFICIENT INFORMATION—FACTUAL DISPUTE—REMAND.

Insufficient record information to resolve a factual dispute as to whether defense counsel requested adjournments which extended defendant's trial beyond the 180-day rule for disposition of untried criminal charges, required remand to the trial court to establish a testimonial record detailing the reasons, if any, for each of the delays, a determination as to which party initiated each delay, and a redetermination as to whether the 180-day rule had been violated.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 5, 1970, at Detroit. (Docket No. 5,673.) Decided February 5, 1970.

Donald Asher was convicted by a jury of possession of marihuana. Defendant appeals. Remanded with instructions.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Daniel H. French* and *George L. BeGole* (*Norman L. Zemke*, of counsel), for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J. Defendant Donald Asher was convicted following a jury trial for possession of

marihuana, MCLA § 335.153 (Stat Ann 1957 Rev
§ 18.1123). This appeal is brought as of right.

It is defendant's position that reversal is required
due to application of the "180-day" rule statute,
MCLA §§ 780.131, 780.133 (Stat Ann 1969 Cum Supp
§§ 28.969[1], 28.969[3]).

In the instant case there were a total of seven ad-
journments and postponements which delayed the
commencement of trial for a full year following the
preliminary examination. Arraignment on the in-
formation was not held for nearly six months after
its first scheduled date. Four adjournments oc-
curred following expiration of the statutory period.

Of the reasons presented in the record for the
delays,[1] two require attention. First, the record re-
veals that several of the delays were caused by the
failure of defendant to be present. At all relevant
times defendant was in the custody of the Depart-
ment of Corrections at Jackson prison, and the
prosecutor had notice of this fact. It was the po-
sition of the trial court, in denying defendant's mo-
tion, that defendant had the duty to present himself
for trial and failure to do so could not be attributable
to the prosecutor. We disagree.

Where, as here, defendant is being involuntarily[2]
(though legally) detained by the state, it becomes the
duty of the people to have defendant present at all
essential stages of trial. When the prosecutor fails
to produce defendant, thus necessitating adjourn-
ment, such does not constitute a waiver by defend-

_____

[1] The delays referred to hereinafter do not include the adjourn-
ment of August 2, 1967, necessitated by the civil disorder in Detroit.
That delay was clearly beyond the control of the prosecutor. Brief
adjournments under such circumstances are consistent with good-
faith diligence.

[2] Absence from trial due to imprisonment is not voluntary within
the meaning of *People* v. *Gant* (1961), 363 Mich 407, which held that
voluntary absence can waive defendant's right to be present at his
trial.

ant of the statutory rights created by the "180-day" rule.

The second reason given for the delays is that they resulted from requests of defense counsel.[3] In *People v. Hendershot* (1959), 357 Mich 300, 304, the Court stated:

"When the people have moved the case to the point of readiness for trial and stand ready for trial within the 180-day period, defendant's delaying motions, carrying the matter beyond that period before the trial can occur, may not be said to have brought the statute into operation, barring trial thereafter."

Defendant, however, denies that any of the adjournments were at his request.[4]

We are, thus, presented with a factual dispute, fundamental to the disposition of the case. The rec-

---

[3] The following statements by the prosecutor appear on the record below:

"*Mr. Weiswasser:* If your Honor please, there are certain factual matters that do not appear on the record. I have discussed this matter with the officer in charge of the case, Mr. Kapagian, and he tells me that several times during the pendency of this particular case counsel indicated that they would like to have this matter adjourned pending the outcome of the disposition of the matters against the codefendant, and that the police and the people were ready to proceed at any time. * * *

"*Mr. Weiswasser:* Yes, During all this time there were several adjournments of the examination, all at the request of defense counsel. And I can only go by what the officer tells me. He tells me that defense counsel indicated to them that they wanted to wait until there was a complete disposition on this matter involving the other codefendants; and that the only time that this motion came to being filed was when the parole board took the action of incarcerating the defendant for violation of parole. * * *

"*Mr. Weiswasser:* I know. But preliminary to this—I don't know what 180 days he is talking about. He can't be talking about 180 days preceding the August period, because you have had all kinds of dates set for examination which were adjourned at the request of counsel."

[4] Defendant denied requesting adjournments stating during argument below: "They were not adjourned at request of counsel." Later, when asked by the court whether he would have been prepared to try the case on August 2, 1967, defendant's attorney stated: "I was ready for trial. Had it not been for the riot I would have been ready for trial on that date."

ord does not provide sufficient information to resolve the matter.

We, therefore, remand for the purpose of establishing a testimonial record detailing the reasons, if any, for each of the delays in the proceedings of the instant case, and a determination as to which party initiated each delay. Upon completion of the testimonial record, the trial court shall make a redetermination of its prior ruling of defendant's motion in the light of this opinion and the testimonial record.[5]

In the event the "180-day" rule is found not to have been violated, the trial court shall return the record on appeal and the record established on remand to this Court for final determination of the remaining issues raised on appeal.

Remanded for actions not inconsistent with this opinion.

All concurred.

---

[5] See *People* v. *Thomas* (1970), 21 Mich App 465, an appeal following a similar remand.