500 P.2d 420

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael B. BRUGGER and David Gonzales Gonzales, Defendants-Appellants.

No. 909.

Court of Appeals of New Mexico.
July 28, 1972.

John S. Spence, Alamogordo, for defendants-appellants.

David L. Norvell, Atty. Gen., Victor Moss, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

Defendants appeal following their conviction for unlawful possession of a dangerous drug contrary to § 54–6–38(B) (3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1971). Under Points IV and V, which are dispositive of this appeal, defendants complain of the court's communicating with the jury in their absence after deliberations had begun and before the verdict was returned.

We reverse.

Defendants learned of the communication after the verdict and filed a motion requesting the court to certify the record as to the details of the communication. The court responded as follows:

"IN RESPONSE to the Defendants' Motion to Certify Record, the Court, *to the best of its recollection*, certifies that the following occurred November 18, 1971, while the Jury was deliberating the above noted Cause:

"1. That shortly after 3:20 p. m. the Bailiff handed to the Court a question from the Jury written on a slip of paper. It was the *impression of the Court* that the question related that the Jury had reached a Verdict but wanted to know as to whether all twelve Jurors had to concur on a recommendation for clemency.

The Court told the Clerk of the Court to notify the attorneys and the parties to appear in Open Court immediately. The Court was not aware of the whereabouts of the Defendants or their attorney, nor was the Court aware that the Deputy Clerk had to walk to the Plaza Bar to notify the Defendants' attorney. The Court, waiting about 30 minutes for the Defendants' attorney to appear, thereafter wrote on the note to the Jury that all twelve did not have to concur on the recommendation for clemency and the Foreman could write down the number of Jurors who were for a recommendation of clemency. Immediately after the Court gave the answer to the Bailiff, the Defendants' attorney appeared and immediately thereafter, the Court was informed that the Jury was ready to return with their Verdict. It was less than one minute from the time the Court answered the question that the Jury announced that it had a Verdict. The Defendants and their attorney were informed of the question and the answer thereto after the Jury had been discharged. The Court made no record of the question asked by the Jury nor the answer thereto, and no attempt was made by the Court, or any person, to obtain the slip of paper which contained the question and the answer." [Emphasis added].

The trial court made certain findings in its order denying the defendants' motion to vacate the judgment and sentence, three of them being:

"2. Neither of the Defendants have shown any prejudice from any action of the Court or the Jury.

"3. That the question asked by the Jury and answered by the Court was done after the Jury had reached a verdict of Guilty against both Defendants.

"4. That Defendants' counsel had voluntarily waived his right to be present in Court at the time said question was asked by the Jury."

It is these three findings that the state contends constitute an affirmative showing of no prejudice.

The basic question is whether the state has succeeded in its burden of establishing that no prejudice resulted to the defendants from this communication with the court. More precisely, the pivotal question is whether the jurors had arrived at a verdict prior to presenting the clemency question to the court.

The defendants assert that the record fails to show with certainty the status of the jury's deliberation at the time of the communication. They further assert:

> ". . . We do not know whether a verdict had been reached and the question of clemency or leniency was in dispute, or whether certain of the jurors may have been willing to compromise their votes of 'not guilty' if they could be assured that clemency could be obtained by less than a unanimous vote. We cannot guess what the effect of the communication may have been. We do know that the jury had been deliberating for more than four hours, and that no verdict had been announced as of the time the communication was made. . . ."

We agree with defendants' assertions.

The incident occurred on November 18, 1971. The court filed its Certification of Record, supra, on January 3, 1972. On the latter date the trial judge was apparently unable to do more than give it as his *impression,* based upon his *best recollection,* "that the question related that the Jury had reached a Verdict but wanted to know as to whether all twelve Jurors had to concur on a recommendation for clemency." We do not deem an "impression" to be of sufficient probative weight to overcome the presumption of prejudice to the defendant arising from the unauthorized communication.

 We hold it highly improper for the court to have any communication with the jury, except in open court and in the presence of the accused and his counsel.

Although the bare fact of such a communication does not, in all cases (See State v. Maes, 81 N.M. 550, 469 P.2d 529 [Ct.App. 1970]), necessitate a new trial, it must affirmatively appear that no prejudice resulted to the defendants and the burden is on the state to establish this as a fact. State v. Beal, 48 N.M. 84, 146 P.2d 175 (1944). Counsel and defendant must be notified and their presence is a right when the court communicates with the jury. Territory v. Lopez & Casias, 3 N.M. 156, 2 P. 364 (1884).

Here, the record lacks substantial evidence that the communication did not affect the verdict. The burden was upon the state to establish this fact. The state failed to meet this requirement and the presumption of prejudicial error must prevail. State v. Beal, supra.

The judgments are reversed and the causes remanded with instructions to grant the defendants a new trial.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.