503 P.2d 337

STATE of New Mexico, Plaintiff-Appellee,

v.

Audoro Leonard TRUJILLO, Defendant-Appellant.

No. 986.

Court of Appeals of New Mexico.

Jan. 26, 1973.

Neil C. Stillinger, F. Joel Roth, Solomon, Roth & Kauffman, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was convicted of voluntary manslaughter after a jury trial in Rio Arriba County. He raises three issues on this appeal: (1) the admission into evidence of photographs of the deceased's body taken shortly after the shooting; (2) the admission into evidence of two photographs showing the deceased and his wife in California taken approximately one year before his death; and (3) the refusal of the trial court to grant a mistrial after it was discovered that a note sent out of the jury room addressed to the presiding judge had been returned unanswered because the judge had become ill and had left the courtroom. The jurors rendered a guilty verdict notwithstanding the unanswered note.

We affirm.

(1) Admission of the photographs:

In the course of the trial the state introduced three photographs of the victim's body taken after the shooting. The photographs showed the front of the deceased's body including the fatal bullet wound. Defendant contends that the trial court abused its discretion in admitting these photographs into evidence because they were cumulative, inflammatory and prejudicial.

■ The question of admissibility of photographs into evidence rests largely within the discretion of the trial court. State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct.App.1970). The fact that the photographs are cumulative or repetitious does not, in and of itself, make them inadmissible as long as they are "reasonably relevant" to the issues of the case. State v. Carlton, 83 N.M. 644, 495 P.2d 1091 (Ct.App.1972).

■ Here, there were three photographs of different frontal views of the victim showing the fatal bullet wound. One photograph was used to identify the victim. The other two photographs, although not used directly, were visual explanations of the testimony and corroborative of that testimony. State v. Webb, 81 N.M. 508, 469 P.2d 153 (Ct.App.1970).

The question whether photographs are inflammatory and prejudicial is also discretionary with the trial court and failing a showing of abuse of discretion by the trial court its ruling will not be overturned on appeal. State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966). We find no reason to question the trial court's ruling in admitting the photographs of the victim's body into evidence.

■ Defendant's second point questions the admission, as rebuttal evidence, of two photographs taken of the victim the year before his death. One photograph was of the victim and his wife, the second of the victim and his son. Both were taken in California. Defendant claims that the admission of the photographs into evidence merely aroused "sympathy in the minds of the jurors for the deceased and his now bereaved family".

However, the record discloses that the defendant introduced testimony that the deceased had a reputation for having a violent nature and a generally bad reputation. One of the defendant's witnesses testified to seeing the deceased many times over the past three year period. On rebuttal, deceased's wife testified that she and the deceased were living in either California, Nevada or Colorado during the three years prior to the shooting and visited the Espanola area only once or twice a year. The photographs were corroborative of this testimony, that the deceased was not in the area, and were thereby admissible. State v. Sedillo, supra. The trial court did not abuse its discretion in admitting these photographs into evidence.

(2) Mistrial:

■ After the jurors had retired to consider their verdict the presiding judge became ill and had to leave the courtroom during the deliberations. Sometime during this period the jurors handed the bailiff a note addressed to the judge. The bailiff immediately handed the note back telling

the jurors that they would have to wait for the return of the judge before getting an answer. The contents of the note were never revealed, and without waiting for an answer the jury rendered a verdict. Defendant's subsequent motion for a mistrial was denied because defendant could show no prejudice resulting from this event.

Defendant argues that State v. Brugger, 84 N.M. 135, 500 P.2d 420 (Ct.App.1972) is applicable and imposes a burden on the state to show affirmatively that no prejudice resulted as a result of the attempted communication. *Brugger,* supra, involved an actual communication between judge and jury out of the presence of defense counsel in which the judge commented on a question asked by the jurors directly relating to the verdict—a question on the matter of clemency. Defendant learned of this communication only after the verdict had been given. We held in *Brugger,* supra, that the defendant will be given the benefit of a presumption of prejudice when the trial court communicates with the jury on a matter relating to the verdict unless that communication occurs "in open court and in the presence of the accused and his counsel".

Here, even though the passing of the note to the bailiff occurred outside the presence of defense counsel, counsel knew of the note prior to the verdict and made no attempt to ascertain its contents. No communication actually took place with the court. When defendant polled the jury each member reiterated the verdict. Thus, *Brugger,* is distinguishable.

The defendant is not relieved of his obligation to make a record in such matters. The presumption of prejudice does not automatically attach in all cases involving attempted communication between jury and trial judge. There must be at least some indication, however slight, in the record that the event complained of gives rise to the "likelihood of prejudice".

There is no such indication in this record.

Affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.