**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Michael CORRIZ, Defendant-Appellant.**

**No. 9810.**

Supreme Court of New Mexico.

May 24, 1974.

Joseph E. Caldwell, Springer, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

Defendant-appellant, hereinafter called Corriz, was charged with murder in the Eighth Judicial District Court for Colfax County. Upon trial by jury, Corriz was convicted of first-degree murder. Sentence was passed and Corriz appeals.

On the first day of the trial Corriz created a disturbance in the courtroom by words and actions and, over objections by his counsel, was excluded from the trial and held in the county jail. On the second day Corriz refused to attend the trial. Later in the proceedings Corriz stated he was willing to come into court if he were allowed to smoke; permission was granted. During a recess, Corriz informed his counsel that he was ill and did not want to attend a hearing following the recess. A medical examination was given him and it was found that Corriz had a tension headache but was able to attend the hearing. Corriz refused to attend. On the third day of trial Corriz expressed his desire to exclude himself from the proceedings. Corriz did not attend during the rest of the trial. Defense counsel objected on all occasions, insisting that Corriz be forced to attend the hearings.

Corriz relies on four points for reversal, the first being:

"The trial court abused its discretion in excluding appellant from trial on basis

of his own conduct, both initially and throughout the trial."

The trial court, after hearing motions to compel Corriz to attend, and after deliberation, had this to say:

"In view of the defense, which the court has had in mind, all along, of insanity; not guilty, by reason of insanity, the court is unwilling to give this Defendant an opportunity to make any display, in front of the jury, that would tend to cause them to be prejudiced one way, or another, and the court is unwilling to use force to bring the Defendant into the courtroom, and to use force, either by binding, or gagging, or in any form, to maintain order in the courtroom and, accordingly, the motions will, again, be denied. * * *"

◼ The Sixth Amendment to the United States Constitution provides in part, that: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." This right has been made obligatory upon the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Inherent in this provision is the defendant's right to be present in the courtroom at every stage of the trial. Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). However, this right to be present in the courtroom is not an absolute right and can be lost. In Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), it was held that a defendant can lose his right to be present at trial if, following the judge's warning that he will be removed if his disruptive behavior continues, he nevertheless insists upon such disruptive conduct. He can reclaim this right as soon as he is willing to properly behave himself. Mr. Justice Black declared that there is no single formula to be used in dealing with a disruptive defendant and that there are at least three constitutionally permissible approaches: contempt power; binding and gagging; or exclusion of the defendant from the courtroom. Furthermore, it was stated (397 U.S. at 343, 90 S.Ct. at 1061, 25 L.Ed.2d at 359) that:

"It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe [that] trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. * * *"

◼ We have carefully reviewed the record and have found that Corriz' conduct was both obscene and disruptive, and that the trial judge did not abuse his discretion in excluding him from the trial. Furthermore, it is quite possible to infer from the circumstances and from a statement of the judge that Corriz could return if he changed his attitude, that Corriz was "warned" that his obstreperous conduct would result in his exclusion, and that he could reclaim his right of presence if he would merely promise to behave himself. In other words, we hold that because of his misbehavior Corriz lost his right to be present at trial. This holding is consistent with Rule 47(b)(2), New Mexico Rules of Criminal Procedure (§ 41–23–47(b)(2), N. M.S.A.1953, 2d Repl.Vol. 6, 1973 Pocket Supp.), which provides:

"(b) Continued Presence Not Required. The further progress of any proceeding, including the trial and return of the verdict, shall not be prevented whenever a defendant, initially present at such proceeding:

"(1)  * * *

"(2) Engages in conduct which is such as to justify his being excluded from the proceeding."

◼ As a second point, Corriz claims that regardless of Allen, supra, and Rule 47(b)(2), supra, a trial court may not exclude a defendant from trial whenever he pleads insanity or where he is being tried

for a capital case. We cannot agree, for neither of the above mentioned rules are limited to non-capital cases or cases which do not involve the issue of insanity. The trial court must, *in all cases,* be granted the discretion to control the proper administration of criminal justice and should be able to remove a defendant whenever the circumstances so dictate. Should such discretion be denied, any defendant pleading insanity or any defendant involved in a capital case, could transform a dignified and orderly trial into a circus. Such a result will neither be countenanced nor condoned by this court.

As a third point, Corriz contends that the trial court erred in later allowing him to voluntarily exclude himself from the trial. As authority he points to Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), which held that in non-capital cases a defendant could waive his right to be present. The court, in Diaz, supra, then stated in dicta that the courts of various states were in substantial accord that a defendant in a capital case could not waive his right to be present. However, we do not find that the distinction between capital and non-capital cases as to the ability of a defendant to waive his right of presence has a constitutional basis. For example, as a basis for its dicta, the court, in Diaz, supra, cited Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884). That case involved a Utah statute which required the presence of a defendant at the trial whenever a felony was involved. The court held that the defendant could not dispense with the *statutory requirement* as to his personal presence at trial. Furthermore, in Valdez v. United States, 244 U.S. 432, 445, 37 S.Ct. 725, 728, 61 L.Ed. 1242, 1248 (1917), the court clearly implied that the *constitution* did not prevent waiver of presence in a capital case by stating that, " * * * [i]t would be going a great way to say that the requirement of the Philippine Code, carrying the constitutional guaranty to an accused to 'meet the witnesses face to face,' was violated and could not be waived."

Therefore, all we must determine is whether or not a waiver is allowed in capital cases pursuant to the requirements set forth in Rule 47(b)(1), New Mexico Rules of Criminal Procedure (§ 41–23–47(b)(1), N.M.S.A.1953, 2d Repl.Vol. 6, 1973 Pocket Supp.), which provides that:

"(b) Continued Presence Not Required. The further progress of any proceeding, including the trial and return of the verdict, shall not be prevented whenever a defendant, initially present at such proceeding:

"(1) In noncapital cases, voluntarily absents himself after the proceeding has commenced; * * * * "

As is apparent from reading the rule, the problem of capital cases was left open for future case law development. As a result, we hold that since the capital versus noncapital distinction is not one mandated by the constitution, and since the rule does not preclude a waiver in capital cases, a defendant in New Mexico may waive the right of presence in a capital case.

It should be noted at this point that our conclusion is consistent with the proposed changes to Rule 43, Federal Rules of Criminal Procedure, which the United States Supreme Court approved for transmittal to the Congress on April 22, 1974. Amended Rule 43 will take effect on July 1, 1974, unless the Congress takes contrary action prior to that time. The amended rule, which makes no distinction between capital and non-capital cases, states:

"(a) *Presence required.*—The defendant shall be present at the arraignment at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, *except as otherwise provided by this rule.*

"(b) *Continued presence not required.* —The further progress of the trial to and including the return of the verdict shall not be prevented and the *defendant shall be considered to have waived his right to be present* whenever a defendant, initially present,

"(1) *voluntarily absents himself after the trial has commenced* (whether or not he has been informed by the court of his obligation to remain during the trial), or

"(2) engages in conduct which is such as to justify his being excluded from the courtroom." (Emphasis added.)

In his last point, Corriz alleges that the trial court erred in overruling counsel's objections to exclusion and motions to compel presence of appellant.

In view of the foregoing discussion of the points on appeal, this allegation does not present a ground for reversal.

The judgment is affirmed. It is so ordered.

OMAN and STEPHENSON, JJ., concur.