612 P.2d 232

STATE of New Mexico,
Plaintiff-Appellee,

v.

Terry Gene McCLURE,
Defendant-Appellant.

No. 4576.

Court of Appeals of New Mexico.

May 13, 1980.

Rehearing Denied May 20, 1980.

John B. Bigelow, Chief Public Defender, Sante Fe, George Z. Guzowski, Asst. Public Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sante Fe, John G. McKenzie, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Summary reversal was proposed. The State has responded by a timely memorandum in opposition, contending that reversal is improper. They have attached the affidavit of the assistant district attorney involved in the case and a partial transcript.

The trial court received a communication from the jury. After consultation with the attorneys involved, the court responded by a written note submitted to the jury through the bailiff. There is no complaint on appeal that the court's response was incorrect, either factually or as a matter of law. *Compare State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979). The defendant's contention is that a presumption of prejudice arose due to his absence during the discussion of the question and when the response was sent to and received by the jury.

The transcript of proceedings supplied by the State establishes that the defendant was not present either when the jury's question was discussed or when the court's response was sent to the jury. *Compare State v. Cranford*, 92 N.M. 5, 582 P.2d 382 (1978). The trial court accepted defense counsel's statement that the defendant was "sleeping in the hallway." In *State v. Saavedra*, 93 N.M. 242, 599 P.2d 395 (Ct. App.1979), this Court held that the defendant's right to be present was not violated where the court responded to the jury question with a written note. Although the use of the written response constituted a communication and the defendant was not and could not have been present when the jury read the response, the defendant waived the right to be present when the communication was received and read by the jury because the defendant was present when the response was sent to the jury. *Saavedra*, thus, indicates that an "in open court" response is not necessary so long as the defendant is present when the response is sent.

In this case, the defendant was not present when the communication was sent. The communication was by the trial judge and touched the subject matter of the trial. *Compare State v. Clements*, 31 N.M. 620, 249 P. 1003 (1926). A "presumption of prejudice," therefore, arose. *State v. Orona*, 92 N.M. 450, 589 P.2d 1041 (1979); *State v. Brugger*, 84 N.M. 135, 500 P.2d 420 (Ct.App. 1972).

Given this presumption of prejudice, the State asserts that the presumption was overcome. *Compare State v. Orona, supra*, where no effort was made to overcome the presumption. At the hearing below, wherein the trial court considered this issue, it specifically found that the prejudice had

been overcome because "I don't think the Defendant would have been in any position to advise his counsel as to what should have been done." *See State v. Lee*, 585 P.2d 58 (Utah 1978). At most, however, the trial court's ruling could only extend to the discussion of the response to be submitted— the defendant need not be present during the discussion of legal matters. *Compare* Wharton's Criminal Procedure, Section 483 with Section 480, 12th ed. (1975); *See State v. Mantz*, 222 Kan. 453, 565 P.2d 612 (1977); *State v. Snyder*, 223 N.W.2d 217 (Iowa 1974). Counsel's presence does not act as a waiver of the defendant's presence. *Busta-mante v. Eyman*, 456 F.2d 269 (9th Cir. 1972).

 To determine whether the presumption has been rebutted, the purpose of the presumption must be analyzed. Upon showing a communication between the trial court and the jury in the absence of the defendant, the defendant has satisfied his burden, as an evidentiary matter, that the communication improperly affected the verdict. Thus, to overcome the presumption, the State must show that the communication did not affect the verdict. In so analyzing the presumption, it must be held that the trial court's reason for finding that the presumption has been overcome is unpersuasive.

In *State v. Brugger, supra*, this Court held that the State had failed to prove that the presumption had been overcome, due to the failure to show that the response to the question came after the jury had reached a verdict. *Compare State v. Maes*, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970); *State v. Costales*, 37 N.M. 115, 19 P.2d 189 (1933). The presumption is overcome whenever the State shows that the improper communication occurred after the jury was "ready to return a verdict." *State v. Maes, supra*. The State does not claim in this case that the jury had already reached its verdict before the communication was made.

Other jurisdictions have held that the presumption of prejudice may be overcome where the improper communication to the jury was merely a restatement of an instruction already given. *See Bustamante v. Cardwell*, 497 F.2d 556 (9th Cir. 1974); *Jackson v. Hutto*, 508 F.2d 890 (8th Cir. 1975); *People v. Musser*, 53 Mich.App. 683, 219 N.W.2d 781 (1974). The record shows that the court's response in this case was more than a reference to an already given instruction. The response was the definition of "false signature."

We, therefore, hold that there is nothing in either the State's memorandum in opposition or in the transcript of proceedings submitted as part of the memorandum to suggest that "the communication was harmless and had no effect on the verdict." *State v. Costales, supra*. The trial court incorrectly denied defendant's motion for a new trial.

Reversed.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.