726 P.2d 344

**Oliver Perry HOVEY, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 16253.**

Supreme Court of New Mexico.

Oct. 1, 1986.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Public Defender, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

Defendant Oliver Perry Hovey was tried before a jury and convicted of possession of a controlled substance, heroin. He appealed to the Court of Appeals, alleging that he received ineffective assistance of counsel, that the trial court abused its discretion in admitting evidence of his relationship with his estranged family, and that the trial court's communications with the jury outside his presence denied him due process of law. The Court of Appeals, reaching the merits on all three issues, affirmed his conviction.

This Court granted certiorari to review the Court of Appeals disposition of the improper jury contact issue only. We now reverse the Court of Appeals decision on that issue and remand for a new trial.

Defendant was arrested at a friend's apartment during a narcotics raid. Police officers testified that they saw defendant throw to the floor a foil packet, which was later found to contain heroin. A resident of the apartment testified that it was he, not defendant, who dropped the foil packet. The police officers searched defendant and in the pocket of the jacket he was wearing found a cellophane bag containing a syringe and a "cooker." Defendant testified that the jacket he was wearing was not his; another resident of the apartment, Ernesto Maldonado, denied defendant's involvement in drug transactions and testified that he had given defendant an old jacket of his to be worn over defendant's own clothing while defendant worked on Maldonado's car.

During jury deliberations, the jurors sent several written questions to the trial judge. In each case, the court conferred with counsel for the prosecution and the defense, formulated a written response, and sent it to the jury room without objection by defense counsel. Defendant, however, was neither present during these conferences nor, he claims, aware of the communications until after the commencement of his appeal.

Defendant argues that the circumstances surrounding two of the jury communications deprived him of the right to be present during additional instructions to the jury provided by NMSA 1978, Crim.P. Rule 43 (Repl.Pamp.1985), and denied him the constitutional right to due process of law, U.S. Const. amends. V, VI, XIV; N.M. Const. art. II, § 14. The first note, signed by one of the jurors, asked:

1) Do we get to see the evidence (state's # 5 & 6 esp[ecially] )?

2) Where did Mr. Hovey reside after the incident? (Was he incarcerated immediately—or free for some time to obtain his jacket?[] ]

The trial court informed the prosecution and defense counsel of the answer he wished to send and asked defense counsel, "Do you waive the presence of your client?" He replied, "I waive the presence of my client, your Honor. I have no objection to the answer the court is sending in." Over the prosecutor's objection on the ground that it was misleading, the trial court sent the following written answer to the jury:

# 1 —The evidence will go to the jury room.

# 2 —This was not introduced into evidence and cannot be considered, one way or the other.

The second disputed communication occurred while Judge Ashby was temporarily absent. Judge Allen was asked to provide the court's response to a note that asked:

Would it be possible to find out if the reference to the previous "2–hour" testimony given by the defendant was on his

on [sic] behalf (i.e. his own trial) or for someone else's?

The trial court, consulting with counsel, asked, "Where is the defendant?" Defense counsel replied, "Billy Blackburn for Mr. Hovey. I would waive his presence at this time." The court inquired, "Is he out there?" "No, he's downstairs," defense counsel responded, "he's down in the holding cell." The court, defense counsel, and the prosecutor discussed an appropriate answer to the jury's question, and, with defense counsel's consent, the court sent to the jury a note stating:

You are only to consider the testimony which you have heard during the trial. We therefore can not answer your question.

The jury returned a verdict of guilty of possession of heroin.

■ After the jury has begun its deliberations, the jurors need not be recalled into open court for all communications with the trial court. Written communications may be made pursuant to NMSA 1978, Crim.P. Rule 43(d) (Repl.Pamp.1985), which provides that

[c]ommunications between the judge and the jury may be made in writing without recalling the jury after notice to the attorneys and an opportunity for objection. Unless requested by counsel for the defendant, communications not relating to issues of the case at trial may be made without recalling the defendant.

■ The second sentence of Crim.P. Rule 43(d) clearly implies that the defendant must be recalled when a communication relating to issues of the case at trial is made. This distinction reflects the well-settled law of New Mexico that it is improper for the trial court to have any communication with the jury concerning the subject matter of the court proceedings except in open court and in the presence of the accused and his counsel. *See State v. Orona,* 92 N.M. 450, 456, 589 P.2d 1041, 1047 (1979); *State v. Beal,* 48 N.M. 84, 91, 146 P.2d 175, 180 (1944); *State v. Brugger,*

84 N.M. 135, 137, 500 P.2d 420, 422 (Ct. App.1972).

A presumption of prejudice arises whenever such an improper communication occurs, and the State bears the burden of rebutting that presumption by making an affirmative showing on the record that the communication did not affect the jury's verdict. *See State v. Orona*, 92 N.M. at 456, 589 P.2d at 1047; *State v. Beal*, 48 N.M. at 92, 146 P.2d at 180; *State v. McClure*, 94 N.M. 440, 441–42, 612 P.2d 232, 233–34 (Ct.App.1980); *State v. Brugger*, 84 N.M. at 137, 500 P.2d at 422. The Court of Appeals here found that no prejudice had resulted because the trial court merely had refused to answer requests for information not introduced into evidence during trial and because defendant failed to argue on appeal that the trial court's responses were erroneous.

We believe that the Court of Appeals misconstrued the record and misinterpreted the law. Defendant's brief in fact did argue that the trial court's response to the jury question about defendant's residence was misleading. We agree with defendant that, unlike the answer given about defendant's previous testimony, the answer that defendant's residence had not been admitted into evidence and could not be considered by the jury was an improper characterization by the trial court of the circumstantial evidence introduced and a direction by the trial court limiting the scope of the jury's deliberations.

Apart from arguing that these responses were accurate, the State made no attempt to demonstrate that the jury's verdict was not affected by the trial court's improper communication. Because the State failed to meet its burden of proof, the presumption of prejudicial error must prevail. *See State v. Orona*, 92 N.M. at 456, 589 P.2d at 1047; *see also State v. McClure*, 94 N.M. at 442, 612 P.2d at 234 (no showing that definitional instruction was not prejudicial); *State v. Brugger*, 84 N.M. at 137, 500 P.2d at 422 (no showing of status of jury deliberations at time of communication). We therefore hold that the

Court of Appeals erred in affirming defendant's conviction on the grounds that the jury communications made outside defendant's presence were not prejudicial to defendant and constituted harmless error.

The State further argues that no reversible error occurred when the trial court communicated with the jury in writing outside the presence of defendant because defense counsel waived defendant's presence each time such a communication was made. Defendant argues in response that the defendant's right to be present is a constitutionally protected fundamental right that cannot be waived, at least not by defense counsel.

By promulgating Crim.P.Rule 43(d), this Court has assured defendants the right to be present when written communications are made between the judge and the jury "relating to issues of the case at trial." We therefore do not reach the question whether defendant's right to be present at the time of the jury communications here at issue is of constitutional dimension.

Nevertheless, we long have recognized that defendants' rights, even constitutional rights, may be waived. *Cf. Baird v. State*, 90 N.M. 667, 669–70, 568 P.2d 193, 195–96 (1977) (defects in grand jury proceedings); *Neller v. State*, 79 N.M. 528, 532, 445 P.2d 949, 953 (1968) (representation by counsel). Clearly, the defendant need not be present in court in order to waive his right to be present. We have permitted defendants to waive in writing their presence at all phases of the prosecution of offenses punishable by sentences of less than one year. *See* NMSA 1978, Crim.P.R. 47(c)(2) (Repl.Pamp. 1985). Furthermore, we have deemed certain conduct by defendants a waiver of the right to be present, even in the absence of express consent. *See* NMSA 1978, Crim. P.R. 47(b) (Repl.Pamp.1985); *see also State v. Corriz*, 86 N.M. 246, 247, 522 P.2d 793, 794 (1974).

In situations in which the defense counsel seeks to notify the trial court of the defendant's waiver of his right to be present, the trial court should take such

steps as are necessary to ascertain that the waiver has been made voluntarily, knowingly, and intelligently. *Cf. Neller*, 79 N.M. at 532, 445 P.2d at 953 (right to counsel). The validity of the waiver may be established through the defense counsel, the defendant, or both. *See People v. Epps*, 37 N.Y.2d 343, 351, 372 N.Y.S.2d 606, 613, 334 N.E.2d 566, 572, *cert. denied*, 423 U.S. 999, 96 S.Ct. 430, 46 L.Ed.2d 374 (1975); *cf. State v. Padilla*, 98 N.M. 349, 354, 648 P.2d 807, 812 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982) (binding waiver by counsel regarding sentence and fine).

■ Because defendant was in custody at the time of the communications at issue here, the trial court could not properly infer that he had waived his presence by voluntary absence under NMSA 1978, Crim.P.Rule 47(b)(1) (Repl.Pamp.1985). *See, e.g., Diaz v. United States*, 223 U.S. 442, 455, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912); *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir.1972); *Evans v. United States*, 284 F.2d 393, 395 (6th Cir.1960); *State v. Chavez-Inzunza*, 145 Ariz. 362, 365, 701 P.2d 858, 861 (App.1985); *State v. Fennell*, 218 Kan. 170, 178, 542 P.2d 686, 694 (1975); *People v. Asher*, 21 Mich.App. 524, 526–27, 175 N.W.2d 538, 539 (1970); *Commonwealth v. Diehl*, 378 Pa. 214, 218, 107 A.2d 543, 545 (1954); *see also People v. Epps*, 37 N.Y.2d at 350, 372 N.Y.S.2d at 612, 334 N.E.2d at 571 (defendant in custody is capable of knowing and voluntary waiver). The record indicates that the trial court accepted defense counsel's statement that "I would waive his [defendant's] presence at this time" without determining whether defense counsel was waiving the right or whether defendant voluntarily was doing so through his attorney.

Because defendant, under Crim.P.Rule 43(d), had the right to be present during the jury communications at issue and because the record in this case is insufficient to show a valid waiver of that right, we reverse defendant's conviction and remand for a new trial.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.

WALTERS, J., and SOSA, Senior Justice, specially concurring.

WALTERS, Justice (specially concurring).

I concur in the result, but do so on the basis of defendant's constitutional right of presence at every stage of the trial, not merely upon the implied right granted under Crim.P.Rule 43(d). Rules may be altered, amended, reinterpreted, or withdrawn; constitutional protections are of sturdier stuff. The "constitutional dimension" of the issue which the majority purportedly deems unnecessary "to reach," has already been decided in this jurisdiction and should not be ignored and overlooked.

Although, as the majority notes, even constitutional rights may be waived, New Mexico has long recognized the right of presence as a constitutional right. We have, by reason of Supreme Court decisions (*e.g., Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912)), modified our early and intractable position that

> [i]n felonies, it is not in the province of the prisoner, either by himself or by his counsel, to waive the right to be personally present during the trial.

*Territory v. Lopez*, 3 N.M. 156, 164, 2 P. 364, 367 (1884). We acknowledged, in *State v. Corriz*, 86 N.M. 246, 522 P.2d 793 (1974), that a defendant's constitutional right to be present may be voluntarily waived, and that by disruptive conduct a defendant may lose his right to be present by bringing himself into the single exception to non-voluntary waiver enunciated in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

Consequently, unless the defendant voluntarily elects to absent himself, or is excluded from the courtroom by reason of "disruptive, contumacious, or stubbornly defiant" conduct, (*Corriz*, at 247, 522 P.2d at 794), his right to be present is a constitu-

tional right that may not be waived by the attorney who acts without defendant's express consent.

SOSA, Sr.J., concurs.