This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                          **NO.  28,748**

**JONATHAN WERO**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ROBLES, Judge.**

Jonathan Wero (Defendant) appeals the district court's dismissal of his appeal from magistrate court pursuant to Rule 6-703 NMRA (2003) (amended 2007). Defendant argues (1) the district court erred in dismissing his appeal; and (2) due to ineffective assistance of counsel, the district court erred in dismissing his appeal. Because we agree with Defendant's first point, which we conclude is dispositive, we reverse the district court's dismissal and remand for further proceedings.

**I.    BACKGROUND**

In a criminal complaint and the accompanying statement of probable cause filed in magistrate court on April 30, 2007, the following facts were alleged. While conducting a routine traffic stop on an unrelated matter, an officer was informed by an anonymous motorist that the driver of a two-tone green and tan vehicle was intoxicated. A subsequent stop of Defendant led to his arrest for aggravated driving under the influence of alcohol, contrary to NMSA 1978, Section 66-8-102(D)(3) (2006), and possession or consumption of alcohol in a motor vehicle prohibited by NMSA 1978, Section 66-8-138 (2001).

Defendant filed a motion to suppress, arguing the anonymous tip was not corroborated or based upon established reliability. The motion was denied. On August 9, 2007, the magistrate court entered a judgment and sentence, noting

Defendant had entered a plea of guilty to aggravated driving while intoxicated (first offense). The judgment and sentence stated Defendant "may have a new trial in the district court by filing a notice of appeal within fifteen (15) days from the date of entry of this judgment and sentence." (Emphasis omitted.)

According to Defendant, "[o]n or about August 10, 2007, [Defendant] received notice that he was to report for active duty abroad with the military." It was on August 10 that Defendant filed his notice of appeal in district court with a signed waiver of appearance. At a pretrial conference a month later, defense counsel informed the district court and the State that Defendant had been "called back to active duty"; he would be gone for two years, and he had signed a waiver of his appearance in all the proceedings. The district court asked if defense counsel had a copy of the waiver, to which she responded it was attached to the notice of appeal. The district court paused while reviewing the file and then stated "okay." The State made no objections, and the district court set the case for trial in December.

The day before trial, the State filed a motion to continue, stating that the officer, who received the tip from the motorist, was unavailable. The district court continued the trial setting to February 6, 2008. On February 5, the State moved again to continue the bench trial setting, claiming the officer would once again be unavailable on the date that was set for trial. The motion was denied.

At the trial setting, the State began the proceedings by arguing that Defendant's waiver of appearance was legally insufficient because it did not enumerate "all the constitutional rights that need to be listed." In response, defense counsel argued the State should have objected at the pretrial conference and proffered she had informed Defendant verbally of all the rights he would be waiving. Moreover, defense counsel stated she was unaware the waiver would be insufficient, and this was one of the first waivers she had done. The district court concluded the waiver was deficient because it did not state which constitutional rights Defendant would be giving up, and he either had to be in the courtroom or needed a better waiver.

Defense counsel sought and obtained an extension of time for trial from our Supreme Court, pursuant to Rule 6-703(M), presumably to allow time to obtain a better waiver. The extension was granted to and including May 10, 2008. On May 9, defense counsel sought another extension from the Supreme Court. In her petition, defense counsel stated that, although a previous extension had been granted, the case was not set on the district court's docket, and defense counsel "did not realize that [the] matter ha[d] not been set until May 9, 2008." The second petition was denied and, accordingly, following the State's motion to dismiss the appeal for lack of timely prosecution, the district court entered an order, dismissing Defendant's appeal and remanding the case to magistrate court for the imposition of the original sentence.

## II.    DISCUSSION

Defendant argues (1) the district court erred in dismissing his appeal and (2) he had ineffective assistance of counsel in executing a valid waiver of his appearance and in securing placement of his case on the district court's docket.  We conclude Defendant's waiver of appearance was legally sufficient and, therefore, it was error for the district court to delay proceedings on February 6, 2008, which ultimately led to the dismissal of Defendant's appeal.  We review a district court's conclusions of law de novo. *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (filed 2004).  We review the district court's ruling on a motion to dismiss for a six-month rule violation de novo. *State v. Guzman*, 2004-NMCA-097, ¶ 10, 136 N.M. 253, 96 P.3d 1173.

The applicable version, effective February 16, 2004, of Rule 6-703(L) provided that "[a]ny appeal pending in the district court six (6) months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the magistrate court for enforcement of its judgment."  However, our cases have previously held that this requirement is not jurisdictional, but rather is a "mandatory precondition" to the exercise of the court's jurisdiction. *Varela v. State*, 115 N.M. 586, 589, 855 P.2d 1050, 1053 (1993); *see State v. Hrabak*, 100 N.M. 303, 305, 669 P.2d 1098, 1100 (Ct. App. 1983) (holding six-month magistrate court rule should not

be asserted where delay was not the defendant's fault); *Vill. of Ruidoso v. Rush*, 97 N.M. 733, 734, 643 P.2d 297, 298 (Ct. App. 1982) (holding six-month municipal court rule not mandatory where state agreed not to assert rule).

The State acknowledges that criminal defendants have "a constitutional right to be present during all phases of such an appeal." *See* Rule 5-612(A) NMRA ("Except as otherwise provided by these rules, the defendant shall be present at all proceedings, including the arraignment, all hearings and conferences, argument, the jury trial and during all communications between the court and the trial jury."). However, the State argues waivers of constitutional rights must be made in a knowing, intelligent, and voluntary manner. It is the State's contention that

> Defendant waived his right to be present at the proceedings in the district court upon [the] defective advice of counsel. . . . [T]he waiver was clearly defective in that it did comply with Criminal Form 9-104; it did not address the rights . . . Defendant was purportedly waiving; and it did not address the proceedings on appeal in district court, but instead referred back to matters at arraignment in magistrate court prior to Defendant entering his guilty plea.

It is also the State's contention that because the waiver was defective, "[d]efense counsel was, therefore, clearly constitutionally ineffective in preparing the waiver … Defendant signed."

A criminal defendant may waive his right to be personally present "by executing a written waiver substantially in the form approved by the Supreme Court,"

which must be approved by the defendant's counsel and the court prior to the hearing. Rule 5-612(B)(2). In the instant case, the district court stated it thought the waiver was insufficient because it did not state what constitutional rights Defendant was relinquishing. We disagree. Defendant's waiver stated, in pertinent part:

> I understand that I am charged [with] agg[ravated] DWI and . . . [o]pen [c]ontainer. I understand that I am entitled to receive and read a copy of the [complaint] or citation or had the complaint or citation read to me. I understand the offense or offenses charged and the penalty provided by law if I am convicted.
>
> After reading and understanding the above, I request that the court permit me to waive a personal appearance in court for the following proceedings: all proceedings in this case.

(Emphasis omitted.)

The Supreme Court's Criminal Form 9-104 provides that waivers should include (1) a statement that the accused understands what the charges are with the charges listed; (2) a statement that the accused is aware that he is entitled to be present at the proceedings; (3) a statement that the accused has read and received a copy of the complaint; (4) a statement that the accused understands the offense charged and the penalty if convicted; and (5) a statement that verifies that the above provisions have been read and understood and requests the court to permit the accused's personal absence for certain enumerated proceedings, one of which may be "all proceedings in this case." The form also requires a certificate of defense counsel, which states: "I

8

have explained to the defendant the right to personally appear before the court at all stages of the criminal proceedings and the defendant's right, if any, to a trial by jury and I am satisfied that the defendant understands the waiver of rights." *Id.*

Defendant's waiver contains virtually verbatim requirements of the certificate of defense counsel. The only provision that is arguably absent from Defendant's waiver is a statement that Defendant has received and read a copy of the complaint, as opposed to a statement that Defendant understands he is entitled to receive a copy of the complaint or have it read to him. We make several observations.

Criminal defendants may waive their right to be personally present by executing a waiver that is "substantially in the form approved by the Supreme Court." Rule 5-612(B)(2). Without a specific argument from the State as to how Defendant's waiver is clearly defective, or how this subtle deviation is something other than the substantial form approved by the Supreme Court, we conclude it would be a case of form over substance to hold that a criminal defendant must physically receive a copy of the complaint and read it in order to exercise other rights. Additionally, the record contains an explanation of rights checklist, which was completed by the magistrate court upon Defendant's first appearance the day after his arrest. The checklist demonstrates Defendant was informed by the magistrate court of the offense charged, the penalty, and his rights regarding statements made, counsel, and bail. While we do

not consider the magistrate court's explanation in open court alone as being enough to satisfy the requirements of a waiver, we observe they are often enough to accept a defendant's plea in open court. *See* Rule 5-303(E), (G) NMRA (requiring a district court to address a defendant personally in open court and inform as well as determine whether the defendant understands the nature of the charges, the possible penalties, and the defendant's rights).

Next, we note that Rule 5-612(D)(2) and (3) state that a criminal defendant need not be present "when the offense is punishable by fine or by imprisonment for a term of less than one (1) year, or both, the court, with the written consent of the defendant, permits arraignment, plea, trial and imposition of sentence in the defendant's absence" or "when the proceeding involves only a conference or hearing upon a question of law." Section 66-8-102(E) provides that "[a] first conviction pursuant to this section shall be punished . . . for not more than ninety days or by a fine of not more than five hundred dollars ($500)." Finally, the record reveals the district court was informed Defendant would be absent for two years due to military service, and defense counsel had certified both verbally and in writing Defendant knew and understood the rights being waived. In *Hovey v. State*, the defendant's counsel waived the defendant's right to be present without consulting with the defendant. 104 N.M. 667, 669, 726 P.2d 344, 346 (1986). Our Supreme Court held that, although a defendant need not be

present to waive his right to be present, a district court, upon receiving a waiver, should inquire as to whether the waiver was made knowingly, intelligently, and voluntarily. *Id.* at 670-71, 726 P.2d at 347-48. Further, "[t]he validity of the waiver may be established through the defense counsel, the defendant, or both." *Id.* at 671, 726 P.2d at 348. Unlike the facts in *Hovey*, Defendant, here, had provided the district court with a written waiver, which was verified by defense counsel, all the while the district court knew the specific circumstances of Defendant's absence.

We conclude Defendant was entitled to waive his presence in these proceedings. Defendant had provided an adequate waiver, which was certified by defense counsel. Under the circumstances of Defendant's absence, it was error for the district court to reject his waiver. *See Trujillo v. Serrano*, 117 N.M. 273, 276, 871 P.2d 369, 372 (1994) ("'Where . . . there are two possible interpretations relating to the right to an appeal, that interpretation which permits a review on the merits rather than rigidly restricting appellate review should be favored.'" (alteration in original) (quoting *Maples v. State*, 110 N.M. 34, 42, 791 P.2d 788, 796 (1990) (Montgomery, J., dissenting))).

To the extent the State argues Defendant's waiver did not address the proceeding on appeal in district court, but instead referred back to matters at arraignment in magistrate court, we remain unconvinced. The waiver was signed on

11

August 9, 2007, which is the date the magistrate court entered its judgment and sentence. The waiver was filed in district court the next day. While it is true the waiver applies to Defendant's two charges, even though the judgment and sentence reflects only the driving while intoxicated charge, and the waiver is under the heading of the magistrate case, we again conclude this waiver substantially complies with the Supreme Court's Form 9-104. Moreover, the waiver was filed in district court, was initially accepted without objection, applies to all proceedings in this case, and was rejected by the district court for other reasons we have already addressed.

As a final matter, we recognize a procedural point of contention between the parties. On appeal, Defendant claims he was entitled to a de novo trial on the merits. Likewise, we observe the record before us contains numerous notices of trial settings and two motions by the State to continue bench trial settings. On appeal, the State argues Defendant entered a conditional guilty plea in magistrate court, and the only issue before the district court on appeal would have been the magistrate court's denial of his suppression motion. *See State v. Celusniak*, 2004-NMCA-070, ¶ 10, 135 N.M. 728, 93 P.3d 10 ("In magistrate court, the defendant may enter a conditional plea of guilty or no contest, reserving one or more issues for appeal."). The record before this Court does not contain a copy of Defendant's plea agreement in magistrate court. Because neither party has fully briefed this issue, and this Court is incapable of

reviewing it, we leave this issue to be resolved by the district court. *See State v. Edwards*, 2007-NMCA-043, ¶ 1, 141 N.M. 491, 157 P.3d 56 (declining to review an issue where the appellate record is not complete).  This Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record).

**III.   CONCLUSION**

We reverse and remand for further proceedings.

**IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**